**IN THE SUPREME COURT OF TENNESSEE**
**AT KNOXVILLE**

FILED

FOR PUBLICATION
February 1, 1999
Filed: February 1, 1999
Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | KNOX CRIMINAL |
| | ) | |
| v. | ) | Hon. Mary Beth Leibowitz, Judge |
| | ) | |
| KRISTINA SCHINDLER, | ) | No. 03S01-9804-CR-00040 |
| | ) | |
| APPELLANT. | ) | |

FOR APPELLANT:

MARK E. STEPHENS
DISTRICT PUBLIC DEFENDER

PAULA R. VOSS
ASSISTANT PUBLIC DEFENDER

Knoxville

GREGORY D. SMITH
Clarksville

FOR APPELLEE:

JOHN KNOX WALKUP
ATTORNEY GENERAL & REPORTER

MICHAEL E. MOORE
SOLICITOR GENERAL

PETER M. COUGHLAN
ASSISTANT ATTORNEY GENERAL

Nashville


# O P I N I O N


AFFIRMED                                                    HOLDER, J.

# OPINION

We granted this appeal to address whether a trial court can consider prior grants of diversion or previously expunged offenses in determining a defendant's suitability for diversion. In the case now before us, the trial court denied the defendant's request for judicial diversion because the defendant had previously been placed on diversion on two different occasions. The appellate court affirmed the trial court's decision to deny the defendant's application for judicial diversion. Upon review, we hold that evidence of prior diversions may be considered in determining whether a defendant is a suitable candidate for diversion.

## FACTUAL BACKGROUND

The defendant, Kristina Schindler, was convicted of aggravated burglary. In 1994, Schindler learned that her boyfriend of two years was leaving her for the victim. Schindler searched through her boyfriend's mail and found the victim's address in Knoxville. Schindler then drove from Texas to Knoxville, found the victim's residence, retrieved an eighteen-inch axe handle from the truck, and approached the victim's apartment. Schindler stated that she found a key under the victim's doormat and entered the apartment. Schindler confronted the victim and instructed her not to scream. The victim apparently called for help. Schindler then repeatedly struck the victim with the axe handle.

Schindler was charged with especially aggravated burglary but was convicted of the lesser included offense of aggravated burglary. Schindler requested post-trial diversion. Her presentence report indicated that she had a prior conviction for shoplifting in Texas and had previously pled guilty to charges

of telephone harassment in Kansas. She further acknowledged these prior convictions in her post-trial diversion application. According to the defendant, she was granted diversion in both cases and her records were expunged following successful completion of diversion programs.

The trial court denied the defendant's request for post-trial diversion. The trial court's order stated:

> As to judicial diversion--which is, for the record, strongly opposed by the State--there have been two other diversions. Ms. Hendricks has cited me some cases, which the Court is familiar with. In terms of evidentiary rulings and as to evidence in admissions of guilt in those types of cases, which is what those involved, diversion might otherwise not be admissible. In this case, whether there has been previous diversion is admissible in determining whether or not judicial diversion is appropriate. An individual can't just keep having diversion and expunging records and keep going, and we are now dealing with the third state involved.

> The other thing that the Court is very concerned about, as far as judicial diversion is that this Court takes this type of offense extremely seriously in its seriousness. I am trying to use the right word--in an effort to support how serious the Court takes this offense and not to mitigate its effect, the Court does not feel that Ms. Schindler is eligible for judicial diversion, based upon the two other diversions and the nature of the offense.

The Court of Criminal Appeals affirmed the trial court's denial of diversion.

## STATUTORY BACKGROUND

Judicial diversion is legislative largess whereby a defendant adjudicated guilty may, upon successful completion of a diversion program, receive an expungement from all "official records" any recordation relating to "arrest, indictment or information, trial, finding of guilty, and dismissal and discharge" pursuant to the diversion statute. Tenn. Code Ann. § 40-35-313(b). The effect of discharge and dismissal under the diversion statute "is to restore the person,

3

in the contemplation of the law, to the status the person occupied before such arrest or indictment or information." Id. When general inquiries are made by prospective employers in non-related civil matters or in other matters not precluded by statute, a criminal defendant granted expungement pursuant to the diversion statute may deny or refuse to acknowledge being arrested, tried, or convicted. See generally Tenn. Code Ann. § 40-35-313(b)(1) & (2).

The Sentencing Reform Act of 1989 ("Act") establishes the general requirements for program eligibility. The Act provides in pertinent part:

> If any person who has not previously been convicted of a felony or a Class A misdemeanor is found guilty or pleads guilty to a misdemeanor which is punishable by imprisonment or a Class C, D or E felony, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings . . . .

Tenn. Code Ann. § 40-35-313(a)(1)(A) (1997 Repl.). In addition, certain statutory offenses have been excluded from program eligibility and are enumerated in Tenn. Code Ann. § 40-35-313(a)(1)(B). A defendant, however, may be placed in a judicial diversion program only once. Tenn. Code Ann. § 40-35-313(a)(2).

Tennessee courts may retain records pertaining to cases where discharge and dismissal is granted under the Tennessee diversion statute. These "non-public" records are retained for the purpose of determining whether, in subsequent proceedings, an applicant meets the general program eligibility requirements set forth in § 40-35-313(a)(1)(A). See Tenn. Code Ann. § 40-35-313(a)(2) ("but a non-public record thereof is retained . . . solely for the purpose of . . . determining [program eligibility], or for the limited purposes provided in subsection (b)."). In the case now before us, however, the defendant

4

was twice granted diversion in states other than Tennessee, and court records are not available in Tennessee which reflect the prior grants. Accordingly, we must decide whether trial courts can consider expunged records of previous convictions occurring in states other than Tennessee when determining eligibility under Tenn. Code Ann. § 40-35-313(a)(1)(A).

## ANALYSIS

Expungement following successful completion of a judicial diversion program removes from certain official records recordation relating to the defendant's arrest, indictment, trial, finding of guilt, and dismissal and discharge. Tenn. Code Ann. § 40-35-313. Expungement returns the person to the position "occupied before such arrest or indictment or information." Tenn. Code Ann. § 40-35-313(b). Expungement does not return a person to the position occupied prior to committing the offense. Defendants obtaining expungement may have committed criminal acts resulting in lasting physical, emotional, or financial injuries to victims. In many cases, the injured victims cannot be returned to the status quo. Accordingly, the law would blind itself to reality if the law refused to recognize these criminal acts and accord them any legal significance whatsoever.

We hold that the testimony and evidence of the criminal acts preceding the arrest are admissible as evidence of prior bad acts or evidence of social history even if expungement is later obtained. See generally State v. Williams, 645 S.W.2d 258, 260 (Tenn. Crim. App. 1982) (holding diversion act cannot be used to shield witness from credibility attack when witness is asked about prior bad acts); see also State v. Dishman, 915 S.W.2d 458, 463-64 (Tenn. Crim. App. 1995). Moreover, the judicial diversion statute does not preclude

5

consideration of subsequent witness admissions or public records compiled after the expungement that reveal the fact of a prior grant of diversion.

The defendant's presentence report in the case now before us was not a public record subject to a previous expungement. Accordingly, the information in this report was admissible and properly considered by the trial judge. This report indicates that the defendant was convicted of shoplifting in Texas in the mid-1980s. She received one year probation. The shoplifting offense was later expunged from her record upon her completion of the probationary period. In 1990 or 1991, she pled guilty to telephone harassment in Kansas. She received three months probation and judicial diversion. She stated that this record had also been expunged.

Our legislature has explicitly stated that a defendant may be placed on judicial diversion only once under Tenn. Code Ann. § 40-35-313. The defendant's prior grants of diversion in Kansas and Texas, however, were not pursuant to Tenn. Code Ann. § 40-35-313. Accordingly, the defendant is not statutorily precluded from being placed on diversion by § 40-35-313(a)(2) merely by reason of the prior grants. The defendant must still meet the eligibility requirements pursuant to Tenn. Code Ann. § 40-35-313 of not having been previously convicted of a felony or a Class A misdemeanor.

The record before us does not indicate the classifications of the defendant's prior offenses, and it is impossible to grade those offenses based on the information before us. Accordingly, the defendant was statutorily eligible for diversion. Evidence of the defendant's prior bad acts and prior grants of diversion, however, support the denial of diversion. This evidence was directly relevant in determining: (1) the defendant's potential for rehabilitation; (2) the

6

deterrent value of diversion upon the defendant; and (3) the likelihood that the defendant will become a repeat offender. The decision of the appellate court affirming the trial court's denial of diversion is affirmed as modified. Costs of this appeal shall be taxed to the defendant for which execution shall issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

**Concurring:**

Anderson, C.J.
Birch, J.
Tipton, Sp.J.

Drowota and Barker, J.J., Not Participating