# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
September 12, 2000, Session

## STATE OF TENNESSEE v. JENNIFER E. OAKLEY

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 99-05886-89, Bernie Weinman, Judge**

_____

**No. W1999-00850-CCA-R3-CD - Decided - October 27, 2000**

_____

Jennifer E. Oakley entered guilty pleas to three counts of misdemeanor possession of a controlled substance and one count of possession of drug paraphernalia. The manner of service, including the request for judicial diversion, was submitted to the trial court. The trial court denied a grant of judicial diversion based upon the circumstances of the offenses and the inherent dangerous effect of drugs to our communities. After review, we conclude that the record supports the trial court's denial of diversion. The judgment, accordingly, is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and THOMAS T. WOODALL, J., joined.

Leslie I. Ballin and Mark A. Mesler, Memphis, Tennessee, for the appellant, Jennifer E. Oakley.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, J. Ross Dyer, Assistant Attorney General, William L. Gibbons, District Attorney General, and Rosemary Andrews, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Jennifer E. Oakley, was charged by a Shelby County indictment with three counts of possession of a controlled substance with intent to sell, three counts of possession of a controlled substance with intent to deliver, and one count of possession of drug paraphernalia. On October 8, 1999, the appellant, pursuant to a negotiated plea agreement, entered guilty pleas to three counts of misdemeanor possession of a controlled substance and one count of possession of drug

paraphernalia.[1]  The plea agreement provided for concurrent sentences of eleven months, twenty-nine days on each count.  The manner of service of the sentence, including the availability of judicial diversion, was submitted to the trial court for determination.  Following a sentencing hearing, the trial court denied the appellant's request for judicial diversion and placed her on probation.  The appellant now appeals from this judgment contending as error the denial of judicial diversion.

Following review of the record, we find the trial court's denial of diversion proper. Accordingly, the judgment of the trial court is affirmed.

## Background

The presentence report reveals the following circumstances leading to the convictions presently before this court:

> [On September 11, 1998,] [a]rresting officers were conducting a consent to search in the motel room of the defendant.  Arresting officers located several baggies that contained a total of five hundred and twelve (512) Valium pills, one (1) baggie that contained four (4) hits of LSD, one (1) baggie that contained (12) Zanax pills, and one (1) marijuana pipe. . . .

At the sentencing hearing, the proof established that the appellant was a twenty-one-year-old junior accounting major at Christian Brothers University in Memphis.  She has a cumulative grade point average of 2.87, with her last semester grades improving to a 3.4.  She plans to continue her education, earn her bachelor's degree, attend graduate school, and ultimately sit for the CPA examination.  She is presently employed at James B. Maxwell Insurance.  The appellant has no prior criminal history.

Regarding the instant offenses, the appellant testified that she had become acquainted with a man who would "front" drugs to her.  She acknowledged that this acquaintanceship extended over a period of one year.  She would sell some of the drugs to her friends, including her boyfriend, keep some of the drugs and money for herself, and give the rest of the money to her supplier.  She admitted that what she was doing was wrong, nonetheless, at the time, "it was quick money." Although the appellant admitted using drugs regularly during the year prior to her arrest, she has since refrained from any drug use.  The appellant openly accepted her responsibility for her offenses and voluntarily presented herself for drug assessment.  The drug assessment revealed "that there was no need for professional intervention."  The appellant admitted that she was still living with her boyfriend, but that he was also "clean."  She conceded that she jeopardized the well-being of the community by selling drugs.

---

[1] The indictments charged felony possession and, alternatively, possession with the intent to deliver LSD; diazepam; and alprazolam. At the sentencing hearing, the Assistant District Attorney General informed the court that the State permitted the appellant to plead to class A misdemeanors due to her cooperation with authorities.

At the conclusion of the sentencing hearing, the trial court made the following findings of fact and conclusions of law:

> We have Ms. Oakley who's in a very different situation . . . no previous record. But a . . . horrible, horrible, horrible set of circumstances . . . she pled guilty to possession and misdemeanor charges, and I guess for good cause the State made that offer to you. But we have someone here who was without question supplying lots of drugs to this community, placing a lot of people in jeopardy. . . . But it always occurs to me, what happened to all the people who have received these drugs. Where are they today? For all we know, . . . some of them may be dead. Because we know that drugs kill. . . .
> . . .
> It also says . . . you can't depreciate some crimes either under some circumstances. . . . I understand that the offenses, Ms. Oakley, . . . you were found guilty of . . . misdemeanor offense . . . [t]he law is clear; too, that we can go behind what the guilty plea was to what really happened. And what really happened was crimes that were devastating to our community.
>
> I'm going to deny diversion. I'm going to place you on probation because I feel that diversion would depreciate the seriousness of this crime. . . .

## Analysis

"Judicial diversion is [a] legislative largess whereby a defendant adjudicated guilty may, upon successful completion of a diversion program, receive an expungement from all 'official record' any recordation relation to 'arrest, indictment or information, trial, finding of guilty, and dismissal and discharge' pursuant to the diversion statute." State v. Schindler, 986 S.W.2d 209, 211 (Tenn. 1999). The effect of discharge and dismissal "is to restore the person . . . to the status the person occupied before such arrest or indictment or information." Id. (citing Tenn. Code Ann. § 40-35-313(b)(1997)).

Although the appellant is eligible for judicial diversion, see Tenn. Code Ann. § 40-35-313(a)(1)(A), eligibility alone does not guarantee the grant of diversion. The decision to place a defendant on judicial diversion is within the sound discretion of the sentencing court. See State v. Harris, 953 S.W.2d 701, 705 (Tenn. Crim. App. 1996). Thus, upon review by an appellate court, if "any substantial evidence [exists in the record] to support the refusal," the decision of the trial court will be upheld and this court will not revisit the issue. See State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983).

In making its decision to grant or deny judicial diversion, the sentencing court must consider: (a) the accused's amenability to correction; (b) the circumstances of the offense; (c) the accused's criminal record; (d) the accused's social history; (e) the status of the accused's mental and physical health; and (f) the deterrence value to the accused as well as others. State v. Lewis, 978 S.W.2d 558,

566 (Tenn. Crim. App. 1997), perm. to appeal denied, (Tenn. 1998); State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993). The trial court should also consider whether judicial diversion will serve the ends of justice -- the interests of the public as well as the accused. Id. Additional factors include the appellant's attitude, her behavior since arrest, her home environment, current drug usage, emotional stability, past employment, general reputation, family responsibilities, and the attitude of law enforcement. Lewis, 978 S.W.2d at 566 (citing State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993)).

The record in the present case reveals that the youthful appellant has no prior criminal record. She is pursuing a college education and aspires to attend graduate school and to obtain a CPA license. She has exhibited good behavior since her arrest and has maintained suitable employment. Since her arrest, her college grades have improved to the point that she has made the Dean's List. She also voluntarily submitted herself for drug assessment, an evaluation which revealed no need for professional intervention. The appellant has refrained from any use of controlled substances since her arrest. The record further reveals that the appellant cooperated with authorities in identifying "suppliers" of controlled substances in the community.

Despite these factors favoring judicial diversion, the sentencing court denied the request based upon the circumstances of the offense and the inherently dangerous nature of controlled substances. The appellant contends that the trial court's reliance on these factors without considering the numerous positive factors was error. Specifically, she argues that the court failed to explain why its reliance on the circumstances of the offense outweighed all other factors. Bonestel, 871 S.W.2d at 168. Although the record is absent any indication that the trial court, in denying judicial diversion, considered any positive factors attributable to the appellant, the trial court properly "looked behind" the plea agreement and considered the true nature of the offenses committed. See State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983). The circumstances of the offense are that the appellant was a major participant in the sale of an excessive quantity of illegal substances. She admitted that her involvement was motivated by her desire to make money. We also find as justified the trial court's concern over the prevalence and affect of drug use in our communities.

Our supreme court has held that two of the factors, circumstances of the offense and deterrence, may not be given "controlling weight unless they are 'of such overwhelming significance that they [necessarily] outweigh all other factors.'" State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993). Although the trial court made no such conclusion in its findings, the overwhelming nature of the circumstances is implicit. We conclude that these factors outweigh all positive factors favoring diversion. The appellant's role in the offenses was not compelled by exigent circumstances and is not explained by impaired judgment. By her own admission, she was motivated to make money. This factor coupled with the large amount of controlled substances seized and the need to deter such behavior are contrary to factors favorable to a grant of judicial diversion. Accordingly, we cannot conclude that the trial court's denial of judicial diversion was error.

After reviewing the record before this court, we conclude that the trial court did not abuse its discretion in denying judicial diversion in the present case.  The judgment of the trial court denying diversion and imposing a suspended sentence is affirmed.


_____

DAVID G. HAYES, JUDGE