# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 22, 2005

## STATE OF TENNESSEE v. BRIAN CARL LEV

**Appeal from the Criminal Court for Knox County**
**No. 76621      Richard Baumgartner, Judge**

---

**No. E2004-01208-CCA-R3-CD - Filed July 21, 2005**

---

The Appellant, Brian Carl Lev, appeals the denial of judicial diversion following his guilty pleas to two counts of statutory rape. After review, we reverse the sentencing decision of the trial court and remand for deferment of the proceedings as provided by Tennessee Code Annotated section 40-35-313 (2003).

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Mark E. Stephens, District Public Defender; and John Halstead, Assistant Public Defender, Knoxville, Tennessee, for the Appellant, Brian Carl Lev.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Takisha Fitzgerald, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

In 2001, the thirty-five year old Appellant and the sixteen-year old victim both worked at Food City in Powell, Tennessee. The Appellant was employed as a meat cutter, and the victim was a part-time cashier. The two began a consensual sexual relationship in November 2001, which continued through Christmas 2001. The sexual relations occurred on eight separate occasions at the home of the Appellant.

After the victim's mother was informed that her daughter was seeing an older person, the mother invited the Appellant to her home on Christmas Day. When the mother learned of the actual

age difference, she contacted authorities and initialed a criminal prosecution of the Appellant. In February 2003, a Knox County grand jury returned an eight-count indictment against the Appellant charging him with statutory rape.

Under the terms of a plea agreement, the Appellant pled guilty to two counts of statutory rape and received concurrent two-year sentences for the convictions. The agreement further provided that the manner of service of the sentences would be determined by the trial court and that the Appellant would be requesting judicial diversion.

At the plea hearing, the Appellant acknowledged his wrongs and expressed remorse for his actions. Letters were introduced on behalf of the Appellant, and the proof established that the Appellant had a stable work history, was single, never having been married, and lived with his mother whom he supported financially. The record reflects no prior criminal history. The psychosexual evaluation concluded that the Appellant was not a danger to the community and that he was unlikely to re-offend. Further, the evaluation noted that the Appellant appeared to be a good candidate for judicial diversion.

The victim and her mother testified that the Appellant should be required to serve the sentence in confinement. At the conclusion of the hearing, the trial court found the Appellant statutorily eligible for diversion but, relying primarily upon the differences in ages, concluded that diversion was not warranted. The Appellant appeals the trial court's denial of judicial diversion.

**Analysis**

On appeal, the Appellant argues that the trial court erred in its denial of his application for judicial diversion. He argues that the record does not reflect consideration of all the relevant factors required for a determination. He contends that proper consideration of the factors would have resulted in a grant of diversion.

"Judicial diversion is legislative largess whereby a defendant adjudicated guilty may, upon successful completion of a diversion program, receive an expungement from all 'official records' any recordation relating to 'arrest, indictment or information, trial, finding of guilty, and dismissal and discharge' pursuant to the diversion statute." *State v. Schindler*, 986 S.W.2d 209, 211 (Tenn. 1999). The effect of discharge and dismissal under the diversion statute "is to restore the person . . . to the status the person occupied before such arrest or indictment or information." *Id*. (citing Tenn. Code Ann. § 40-35-313(b) (2003)).

A defendant is eligible for judicial diversion when he or she is found guilty or pleads guilty to a class C, D, or E felony and has not previously been convicted of a felony or a class A misdemeanor. Tenn. Code Ann. § 40-35-313 (a)(1)(B)(i). However, eligibility under the diversion statute does not ensure the grant of diversion. Indeed, the decision of whether to place a defendant on judicial diversion is within the sound discretion of the trial court. *State v. Harris*, 953 S.W.2d 701, 705 (Tenn. Crim. App. 1996).

In determining whether to grant judicial diversion, the trial court must consider: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; (6) the deterrence value to the defendant and others; and (7) whether judicial diversion will serve the ends of justice. *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). The trial court should also consider whether judicial diversion will serve the ends of justice - the interests of the public as well as the accused. *State v. Lewis*, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997). Additional factors which may be considered include the Appellant's attitude, his behavior since his arrest, his home environment, current drug usage, emotional stability, past employment, general reputation, family responsibilities, and the attitude of law enforcement. *Id*. In addition, "the record must reflect that the court has weighed all of the factors in reaching its determination." *Electroplating*, 990 S.W.2d at 229. If the trial court refused to grant judicial diversion, it should state in the record "the specific reasons for its determination." *State v. Parker*, 932 S.W.2d 945, 958-59 (Tenn. Crim. App. 1996). If the trial court "based its determinations on only some of the factors, it must explain why these factors outweigh the others." *Electroplating*, 990 S.W.2d at 229.

The Appellant contends that in reaching its decision, the trial court considered only the age discrepancy between the Appellant and the victim and the fact that non-sexual contact continued between the two after the victim's mother had requested that contact cease. He asserts that the court should have considered and commented on the eight letters from family and friends attesting to his character, the psychosexual evaluation indicating that the Appellant was not a risk for re-offending, the Appellant's expressed remorse, his positive work history, and lack of prior criminal history.

In announcing its ruling, the trial court stated:

I do not think that this is . . . an appropriate case, Mr. Lev, for judicial diversion. You know, if you'd been 19 or 21, that would be one thing, but I mean, you were - - you were fully 20 years older, 19 years older - - you were older - - much older than she was even that age, if you understand what I'm saying about that. But the point is it was - - the discrepancy in ages here has a bearing on my - - my thinking in this case. It also has a bearing on my thinking that - - that even after confronted and told that this was going to end, it didn't end.

In essence, the trial court based its decision to deny judicial diversion on a single factor, the circumstances of the offense, focusing only upon the age difference between the Appellant and the victim and their continued non-sexual relationship.[1]

---

[1] At the hearing, the victim's mother testified that after the relationship was discovered, the Appellant and the victim "continued to sneak and call each other." During further examination of this issue by the trial court, the victim's mother testified that at "another time" after Christmas, her daughter had supposedly gone to her stepson's house; however, after calling her stepson, she learned that her daughter was not there. The mother explained that she then drove to the Appellant's house looking for her daughter, "and she was not at his house, and so when she called to check in, I told her I knew that she was over at his house, that she needed to return home. So those kinds of things are how I found

(continued...)

The denial of judicial diversion may be based solely on the nature and circumstances of the offense, so long as all of the other relevant factors have been considered, and this factor outweighs all others that might favorably reflect on the Appellant's eligibility. *State v. Curry*, 988 S.W.2d 153, 158 (Tenn. 1999). Here, however, we would note that while the factors relied upon by the trial court are relevant, they do not encompass all of the factors which the court "must" consider in arriving at a decision to grant or deny a program of diversion. *See Lewis*, 978 S.W.2d at 566. As observed by this court on more than one occasion, "[c]areful consideration must be given to the defendant's lack of criminal record, favorable social history, and obvious amenability to correction." *State v. Norman Pipkin*, No. W1998-02738-CCA-RM-CD (Tenn. Crim. App. at Jackson, May 24, 2000) (citing *Curry*, 988 S.W.2d at 158).

As previously observed, the trial court found the Appellant statutorily eligible for judicial diversion. Also included in the record is a certificate from the Tennessee Bureau of Investigation stating that the Appellant does not have a prior felony or Class A misdemeanor conviction. He is single, has never been married, has no children, lives with his mother and contributes to her financial support. He has maintained a stable history of employment, most recently as meat cutter. The presentence report finds no abuse of alcohol or illegal drugs. He is in good condition, both mentally and physically. He has a strong support network as evidenced by letters from his family and friends. The psychosexual evaluation revealed that "it is not believed that [the Appellant] is a danger to the community." The evaluation further concluded:

> At the time of the offenses or attempted offenses, [the Appellant] reports believing that he had a mutually agreed-upon boyfriend/girlfriend relationship with the victim. [The Appellant] made this relationship acceptable in his mind by way of the cognitive distortion, common among abusers, that the victim was more mature for her age than she was in reality, while feeling that he himself functioned at a level younger than his chronological age. He has since corrected that distortion. Moreover, it should be noted that this client has achieved significant insight into his behavior without therapeutic intervention, suggesting a great deal of serious introspection. [The Appellant] takes full responsibility for his offense. He does understand that he has caused harm to this girl, and expresses deep regret and remorse for his actions. . . . He gives no reason to consider him a serial sexual predator, or to believe he has a particular sexual interest in teenagers. He has no previous sexual offenses, nor has he had further offenses, sexual or otherwise, since he was charged. It is not believed that this client needs intensive supervision in the community. He appears to be a good candidate for judicial diversion.

---

[1](...continued)
out that she was still seeing him."

We are not persuaded that the clarity of the above testimonial evidence supports a finding that the Appellant instigated continued contact with the victim.

Based upon the proof before us, we conclude that the Appellant's positive factors for diversion, as articulated above, outweigh any negative factors and that granting judicial diversion would promote the ends of justice. Accordingly, the sentencing decision of the trial court is reversed and entry of the judgments of conviction is vacated.

## CONCLUSION

Based upon the record and the trial court's failure to consider all relevant factors, we conclude that the trial court abused its discretion by denying judicial diversion. For this reason, the judgment is reversed, and the case is remanded for deferment of further proceedings as provided by Tennessee Code Annotated section 40-35-313 and for the imposition of such other reasonable conditions as may be deemed appropriate by the trial court.

_____
DAVID G. HAYES, JUDGE