IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 3, 2005 Session

## STATE OF TENNESSEE v. ALBERT FITZGERALD TURNER

**Appeal from the Circuit Court for Haywood County**
**No. 5127     Clayburn Peeples, Judge**

---

**No. W2004-01853-CCA-R3-CD  - Filed August 1, 2005**

---

The Defendant, Albert Fitzgerald Turner, pled guilty to statutory rape and was sentenced as a Range I, standard offender to two years in the Department of Correction, suspended after sixty days of service. The Defendant now appeals as of right, contending that the trial court erred in refusing to grant him "judicial diversion." Because the trial court failed to state adequately upon the record the basis for its refusal to grant judicial diversion, we vacate the sentence of the Defendant and remand this matter for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Edwin C. Lenow, Memphis, Tennessee, for the appellant, Albert Fitzgerald Turner.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and Gary Brown, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record before us does not contain a transcript of the Defendant's guilty plea hearing. It does, however, contain a transcript of the sentencing hearing, as well as the pleadings contained within the "technical record." The Defendant admitted at his sentencing hearing that, when he was thirty-three years of age, he had sex with a thirteen-year-old girl. The relationship developed after the Defendant and his wife allowed the victim to live with them because she was having trouble at her own home. The Defendant had held a position with the youth program of the NAACP and the victim had been referred to the Defendant through that program. However, the victim had returned to her home to live with her family prior to the single episode of sex. The Defendant stated at his

sentencing hearing that he thought the victim was fourteen years of age at the time they had sex. The sex occurred in the Defendant's home.

The Defendant moved with his family to Iowa after the instant offense in order to avoid any further contact with the victim and in order to escape the embarrassment the Defendant's offense caused. The Defendant testified that he was on the Board of Habitat for Humanity in his new community and that he was a "business owner" there. He stated that he had been married sixteen years and had two sons, one sixteen years old, the other ten years old. He and his wife were planning to enter marriage counseling. The Defendant expressed remorse for his actions and apologized to the court, the county, and his family. He assured the court that it would "never see [him] again" on any other matter.

The Defendant's presentence report indicates that he graduated from high school in 1985 and subsequently attended a university and a community college. He served in the marine corps from 1988 until 1992 at which time he was honorably discharged. He has been continuously employed since his discharge. The Defendant has no history of substance abuse. The Defendant's prior criminal history consists of four speeding tickets. The officer who prepared the presentence report stated therein that "it would appear that should the defendant be placed on some type of community release, he would need only general counseling to enable him to successfully complete any type of probationary period."

The Defendant submitted the following statement in conjunction with his presentence report:

[The victim] and I became to [sic] close as friends and she began to proposition me.

This was a time that I fell weak to temptation and gave in. This has only happend [sic] once and will never happen again. I hold no one other than myself responsible. I was the adult, and when I saw the situation heading south I should have corrected it.

I did not plan or intend for this to happen. I fell short of my responsibilities and my moral behavior.

I pray that I am given a second chance, prior to this you have never seen me in court, and after this you will not see me in there again.

Prior to his guilty plea, the Defendant sought pretrial diversion, see Tenn. Code Ann. § 40-15-105, but the record does not contain a copy of his request or a statement of the reasons he submitted in support of his request. The district attorney denied the Defendant's request. A copy of the denial letter is in the record.

At the conclusion of the sentencing hearing, the trial court ruled on the Defendant's request for judicial diversion as follows:

I don't think I can do that. I'm trying to think if there could be a more aggravated case of statutory rape than this and I can think of a couple of ways only, but I find no mitigating – I deny your request for any sort of diversion. I don't find any mitigating factors in this case. I find that even though the crime of statutory rape is age related, in this case even within that range, I do find that the victim was particularly vulnerable because of her age, because of her inexperience, and also because of the position that she was in. These [sic] are what I find to be enhancement factor number 15; that is, the defendant abused a position of private trust in this situation.

I feel that an appropriate sentence in this case is two years in the State Penitentiary as a Standard Offender.

In view of the State's recommendation, I'm going to order that suspended after 60 days. In view of two things, number one, the State's recommendation and number two, that the defendant did finally acknowledge his guilt and that the defendant did spare the State and the victim the trauma of going through this trial.

The defendant will be on supervised probation for the remainder of that time.

The Defendant now contends in this direct appeal that the trial court abused its discretion in refusing to grant him judicial diversion.

The State contends initially that the Defendant's failure to include in the appellate record a transcript of his guilty plea hearing results in a waiver of this issue, and precludes this Court from considering this issue on the merits. The failure of the record to include the transcript of the guilty plea hearing and the Defendant's application for pre-trial diversion impedes thorough appellate review. Because the trial court failed to make the findings necessary to support the grant or denial of judicial diversion, however, we are constrained to remand this matter in order for the trial court to make such findings on the record.

The Criminal Sentencing Reform Act of 1989 provides that, after accepting a guilty plea, a trial court

> may defer further proceedings against a qualified defendant and place such defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant. Such deferral shall be for a period of time not less than the period of the maximum sentence for the misdemeanor with which the person is charged, or not more than the period of the maximum sentence of the felony with which the person is charged.

Tenn. Code Ann. § 40-35-313(a)(1)(A). This form of probation is known as "judicial diversion" and has been described by our supreme court as "legislative largess." State v. Schindler, 986 S.W.2d 209, 211 (Tenn. 1999). The Defendant in this case is a "qualified defendant" because he has pled guilty to an eligible offense and has not previously been convicted of a felony or a Class A misdemeanor. See Tenn. Code Ann. § 40-35-313(a)(1)(B).

Before determining whether to grant or deny judicial diversion, a trial court must consider the following factors: "(a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, and (f) the deterrence value to the accused as well as others." State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). Additionally, the trial court should consider the accused's attitude, behavior since arrest, emotional stability, current drug use, past employment, home environment, marital stability, family responsibility, general reputation, and the likelihood that judicial diversion will serve the ends of justice and best interests of both the public and the accused. See State v. Cutshaw, 967 S.W.2d 332, 343-44 (Tenn. Crim. App. 1997).

> Moreover, the record must reflect that the court has weighed all of the factors in reaching its determination. The court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others.

State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998) (citation omitted).

We review a trial court's decision on whether or not to grant judicial diversion under an abuse of discretion standard. See Cutshaw, 967 S.W.2d at 344. Where the trial court follows the required procedure for determining whether or not to grant judicial diversion, we must affirm the trial court's ruling if any substantial evidence exists to support it. See id.

In this case, however, the trial judge did not sufficiently explain his reasoning in denying judicial diversion. The court referred to the circumstances of the offense insofar as determining that the victim's age made her "particularly vulnerable" and that the defendant had "abused a position of private trust." But the trial court made no comment whatsoever on the remaining criteria which it was bound to consider. The trial judge apparently failed to consider the Defendant's personal history, including his minimal criminal record, his behavior since his arrest, his amenability to correction, his mental and physical health, current employment, the fact that he had moved many miles away from the victim, and the fact that he was trying to repair his marriage. The court made no findings with respect to deterrence (general or specific) or whether judicial diversion would serve the ends of justice. In short, the trial court failed to make the requisite findings necessary to support a denial of judicial diversion.

Where a trial court fails to consider all of the appropriate factors and its statement of the reasons for denial is vague and conclusory, this Court will remand the matter for the trial court's reconsideration. See, e.g., State v. Lewis, 978 S.W.2d 558, 567 (Tenn. Crim. App. 1997); see also Cutshaw, 967 S.W.2d at 344 (where trial court failed to consider the defendant's personal history and denied diversion because of the nature of the crime, remand for a new sentencing hearing would be necessary if conviction were not reversed on other grounds). This is particularly appropriate in a case such as this one where the record before us does not contain all of the relevant information, to wit, a transcript of the guilty plea and a copy of the Defendant's request for pretrial diversion. Cf.

Electroplating, Inc., 990 S.W.2d at 229-230 (affirming the trial court's denial of judicial diversion even where trial court's explanation of reasons was inadequate where record permitted a review sufficient to determine whether the trial court reached the correct result).

Accordingly, we remand this matter to the trial court for a comprehensive review of the Defendant's application for diversion and a full and complete consideration of all of the factors required to be considered before a grant or denial of judicial diversion is made. The trial court should place on the record its analysis of all of the relevant factors and the reasons underlying its decision.

The trial court's order denying judicial diversion is reversed and vacated and this matter is remanded for further proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE