IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2008

## STATE OF TENNESSEE v. BENJAMIN A. MCALISTER

**Appeal from the Circuit Court for Madison County**
**No. 04-180     Donald H. Allen, Judge**

---

**No. W2007-01834-CCA-R3-CD  - Filed August 5, 2008**

---

The Defendant, Benjamin A. McAlister, pled guilty in the Madison County Circuit Court to simple possession of marijuana and possession of drug paraphernalia subject to reservation of a certified question on appeal.  The Defendant then applied for and was granted judicial diversion under Tennessee Code Annotated section 40-35-313.  On appeal, the Defendant presents the following certified question for our review:  whether he voluntarily consented to the search of his residence.  As provided by our diversion statute, no judgment of conviction was entered and, as such, we conclude that the Defendant has no appeal as of right.  Because this Court lacks jurisdiction to review the appeal, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and DAVID G. HAYES, SR. J., joined.

Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee, for the appellant, Benjamin A. McAlister.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

The facts of this case are not in dispute and are fairly straightforward.  On March 5, 2007, a Madison County grand jury indicted the Defendant for simple possession of marijuana and possession of drug paraphernalia, both Class A misdemeanors.  See Tenn. Code Ann. §§ 39-17-418, -425.  Thereafter, the Defendant filed a motion to suppress the evidence, claiming that he did not voluntarily consent to the search of his residence.

A hearing on the motion to suppress was conducted on May 14, 2007. Investigator Charlie Yarbrough of the Madison County Metro Narcotics Division testified that, on October 17, 2006, the sheriff's department received a call that an illegal drug transaction or drug use was occurring in the area of 581 Parkburg Road. Upon investigation of the area, the officers could not locate 581 and proceeded to 580.

Investigator Yarbrough knocked on the door of 580, and the Defendant opened the door. According to Investigator Yarbrough, he informed the Defendant of the tip regarding an illegal drug transaction and drug use in the area, and the Defendant consented to a search of his home. Also present in the home were the Defendant's wife and his twelve-year-old daughter. Investigator Yarbrough then searched the residence and located "rolling papers" and twenty-eight grams of marijuana inside a trunk.

On cross-examination, Investigator Yarbrough acknowledged that he observed surveillance cameras around the home and that the cameras were functioning on the evening of October 17. When Investigator Yarbrough was asked why he did not ask the Defendant to sign a consent form, he responded that it was because he "didn't have any with" him. Investigator Yarbrough denied that he or any other officer removed the videotape or tampered with the surveillance equipment.

The Defendant testified that he recalled hearing a commotion outside his home on October 17. He claimed that he used the surveillance equipment due to his disabilities.

When he answered the door, Investigator Yarbrough asked, "Where is the meth lab?" The Defendant responded that "[t]here is no meth lab here." According to the Defendant, the officers stated to him that they wanted to search his home, and the Defendant inquired several times if they had a warrant. He was then told "that they didn't need a warrant to search that they had enough cause to search." When asked if he gave the officers consent to search, he stated that he did not want to be charged with resisting arrest, so he told the officers, "You do what you think you have to do."

According to the Defendant, when he returned home from jail, his security cameras had been disassembled and the tape had been removed from inside his home. However, he never made a report to authorities. The Defendant also confirmed that his wife and daughter were asleep and did not hear the commotion.

Thereafter, the trial court issued an order denying the motion, finding that "the Defendant gave consent to law enforcement officers to search his residence." The issue was one of witness credibility, and the trial court accredited the testimony of Investigator Yarbrough.

The Defendant then applied for judicial diversion pursuant to Tennessee Code Annotated section 40-35-313, and the trial court's June 6, 2007 order commands that an investigation report be prepared to determine the Defendant's suitability for diversion.

On July 16, 2007, the trial court accepted the guilty plea of the Defendant to the crimes as charged,[1] and the plea agreement reflected that the Defendant had reserved as a certified question the issue raised in his motion to suppress. Pursuant to the terms of the plea agreement, the Defendant was to receive sentences of eleven months and twenty-days on both counts (75 percent release eligibility status), to be served concurrently.

The trial court entered an order on July 26, 2007, granting the Defendant judicial diversion. In this order, it was noted that the issue raised by the Defendant in his motion to suppress was dispositive of the case (consent to search) and that the Defendant intended to pursue this issue on appeal.

The Defendant now presents his certified question for our review.

## ANALYSIS

Judicial diversion is a legislative largess whereby a defendant adjudicated guilty may, upon successful completion of a diversion program, receive an expungement from all official records any recordation relating to "'arrest, indictment or information, trial, finding of guilty, and dismissal and discharge' pursuant to the diversion statute." State v. Schindler, 986 S.W.2d 209, 211 (Tenn. 1999) (quoting Tenn. Code Ann. § 40-35-313(b)). "The effect of discharge and dismissal under the diversion statute 'is to restore the person . . . to the status the person occupied before such arrest or indictment or information.'" Id. (quoting Tenn. Code Ann. § 40-35-313(b)). A final disposition of the case does not occur until either the defendant successfully completes the diversion program or violates a condition of his release. State v. Teresa Dockery, No. E2001-01493-CCA-R3-CD, 2002 WL 1042187, at *2 (Tenn. Crim. App., Knoxville, May 23, 2002); State v. Glenna Kidd, No. 01C01-9808-CR-00344, 1999 WL 298309, at *1 (Tenn. Crim. App., Nashville, May 13, 1999). Judicial diversion may be ordered only with the consent of a "qualified defendant." Tenn. Code Ann. § 40-35-313(a)(1)(A).

Rule 3 of the Tennessee Rules of Appellate Procedure establishes that an appeal as a matter of right lies "from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty . . . ." Tenn. R. App. P. 3(b); see also Tenn. R. Crim. P. 37(b)(1). In addition, Rule 3(b) provides that a "defendant may also appeal as of right from an order denying or revoking probation, and from a judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). An adjudication of guilt followed by an order of judicial diversion does not result in a judgment of conviction unless the defendant violates the conditions imposed by the trial court. Dockery, 2002 WL 1042187, at *2; Kidd, 1999 WL 298309, at *1.

In State v. Norris, 47 S.W.3d 457 (Tenn. Crim. App. 2000), this Court determined that an appeal did not lie for Norris' co-defendant, who had been placed on judicial diversion. 47 S.W.3d at 463. The panel found that, because the co-defendant was granted, rather than denied, diversion, and because she had received no judgment of conviction, she had no appeal as of right. Id.

---

[1] A transcript of the guilty plea hearing is not included in the record on appeal.

"Although the choice to accept judicial diversion at least postpones and perhaps jeopardizes the defendant's opportunity to raise a legal issue, the quid pro quo, as compared to the defendant who pleads guilty and receives a conviction and a probated sentence, is that the defendant who accepted diversion has a self-determined chance to emerge from the process without a conviction on his or her record." Id. Because the Defendant was granted judicial diversion and, consequently, no judgment of conviction was entered against him, he may not appeal as of right. See id. at 461-63.

That being said, an appeal filed improperly under Rule 3 may, however, be treated as an application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. Norris, 47 S.W.3d at 463; State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App.1998); Dockery, 2002 WL 1042187, at *3. Rule 10 provides that an extraordinary appeal may be sought "if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review." Tenn. R. App. P. 10(a). An extraordinary appeal should only be granted when it is established that: (a) the ruling of the court below represents a fundamental illegality; (b) the ruling constitutes a failure to proceed according to the essential requirements of the law; (c) the ruling is tantamount to the denial of either party of a day in court; (d) the action of the trial judge was without legal authority; (e) the action of the trial judge constituted a plain and palpable abuse of discretion; or (f) either party has lost a right or interest that may never be recaptured. State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980).

Under these criteria, the trial court possessed jurisdiction and had the authority to place the Defendant on judicial diversion. We conclude that the Defendant has failed to meet the requirements for the granting of a Rule 10 extraordinary appeal. Accordingly, this Court lacks jurisdiction to review the Defendant's appeal, and the appeal is dismissed.

## CONCLUSION

Because the Defendant was placed on judicial diversion and no adjudication of guilt was entered, this Court lacks the jurisdiction to review the Defendant's appeal. Accordingly, the appeal is dismissed.

_____
DAVID H. WELLES, JUDGE

-4-