IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2008

**STATE OF TENNESSEE v. CHRISTY REYNOLDS**

**Appeal from the Circuit Court for Madison County**
**No. 07-371     Roger Page, Judge**

---

**No. W2007-02142-CCA-R3-CD  - Filed August 5, 2008**

---

The Defendant, Christy Reynolds, pled guilty in the Madison County Circuit Court to three counts of promoting the manufacture of methamphetamine subject to reservation of a certified question on appeal.  The Defendant then applied for and was granted judicial diversion under Tennessee Code Annotated section 40-35-313.  On appeal, the Defendant presents the following certified question for our review:  whether Tennessee Code Annotated section 39-17-433(a)(2) is controlling and, therefore, the principles of statutory construction prevent the State from prosecuting the Defendant under subsection (a)(1).  As provided by our diversion statute, no judgment of conviction was entered and, as such, we conclude that the Defendant has no appeal as of right.  Because this Court lacks jurisdiction to review the appeal, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and DAVID G. HAYES, SR.J., joined.

Paul E. Meyers, Assistant Public Defender, Jackson, Tennessee, for the appellant, Christy Reynolds.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Jerry Woodall, District Attorney General; and James Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**
        The facts of this case are not in dispute and appear straightforward.  On June 4, 2007, a Madison County grand jury indicted the Defendant for three counts of promotion of methamphetamine manufacturing, in violation of Tennessee Code Annotated section 39-17-433(a)(1) (Class D felonies), by selling, purchasing, acquiring, or delivering any chemical, drug, ingredient, or apparatus that can be used to produce methamphetamine, knowing that it will be used to produce methamphetamine, or with reckless disregard of its intended use.  The facts, as stipulated at the guilty plea hearing, established that,

[O]n three different occasions, Count One being August the 8th through August the 24th, Count Two September the 4th through September the 26th, and Count Three October the 3rd through October the 23rd, all of these occurring in 2006, the Defendant did unlawfully sell, purchase, acquire, and/or deliver a chemical or drug or ingredient or apparatus that could be used to produce methamphetamine, knowing that it would be used to produce methamphetamine, thereby committing the offense of promoting the manufacturing—the manufacture of methamphetamine.

Thereafter, the Defendant filed a motion to suppress the evidence, arguing that principles of statutory construction required the State to prosecute the Defendant under subsection (a)(2)[1] (specific statutory provision) rather than (a)(1) (conflicting general provision), and requesting dismissal of the charges against her. The Defendant further argued that the statute was vague and overbroad.[2]

The trial court heard argument on the motion to suppress on August 16, 2007. Defense counsel argued that subsection (a)(2) was more specific with regards to possession of precursors than subsection (a)(1). Thus, in accordance with rules of statutory construction—"[a]s a matter of statutory construction, a specific statutory provision will control over a more general provision[,]" State v. Cauthern, 967 S.W.2d 726, 735 (Tenn. 1998)—the State was required to charge her under (a)(2). Extrapolating from these rules, she contended that, because the State conceded it could not prove that she purchased or possessed more than nine grams of an immediate methamphetamine precursor at a single time, the indictment against her should be dismissed. Finally, defense counsel argued that the State could not combine purchases made during a thirty-day time period in order to meet the nine-gram requirement of subsection (a)(2), as such would render the statute vague and overbroad.

Thereafter, the trial court issued an order denying the motion, finding that "[t]he State is free to lawfully prosecute the [D]efendant under T.C.A. § 39-17-433 (1) and is not compelled to pursue prosecution under T.C.A. § 39-17-433 (2)." On September 4, the trial court accepted the guilty plea of the Defendant to the crimes as charged, recognizing that the Defendant had reserved as a certified question the issue raised in her motion to suppress. Pursuant to the terms of the plea agreement, the Defendant was to receive sentences of four years on each of the counts (30 percent release eligibility status), to be served concurrently.

The Defendant applied for and was granted judicial diversion pursuant to Tennessee Code Annotated section 40-35-313. In the order of deferred probation, it was noted that the issue raised by the Defendant in her motion to suppress was dispositive of the case (issues of statutory construction) and that the Defendant intended to pursue this issue on appeal.

---

[1] Subsection (a)(2) provides as follows: "Purchases or possesses more than nine (9) grams of an immediate methamphetamine precursor with the intent to manufacture methamphetamine or deliver the precursor to another person whom they know intends to manufacture methamphetamine, or with reckless disregard of the person's intent . . . ."

[2] The Defendant also moved to suppress her pharmacy records. However, that issue was not preserved for review as a certified question and, thus, is not raised on appeal.

The Defendant now presents her certified question for our review.

**ANALYSIS**

Judicial diversion is a legislative largess whereby a defendant adjudicated guilty may, upon successful completion of a diversion program, receive an expungement from all official records any recordation relating to "'arrest, indictment or information, trial, finding of guilty, and dismissal and discharge' pursuant to the diversion statute." State v. Schindler, 986 S.W.2d 209, 211 (Tenn. 1999) (quoting Tenn. Code Ann. § 40-35-313(b)). "The effect of discharge and dismissal under the diversion statute 'is to restore the person . . . to the status the person occupied before such arrest or indictment or information.'" Id. (quoting Tenn. Code Ann. § 40-35-313(b)). A final disposition of the case does not occur until either the defendant successfully completes the diversion program or violates a condition of his release. State v. Teresa Dockery, No. E2001-01493-CCA-R3-CD, 2002 WL 1042187, at *2 (Tenn. Crim. App., Knoxville, May 23, 2002); State v. Glenna Kidd, No. 01C01-9808-CR-00344, 1999 WL 298309, at *1 (Tenn. Crim. App., Nashville, May 13, 1999). Judicial diversion may be ordered only with the consent of a "qualified defendant." Tenn. Code Ann. § 40-35-313(a)(1)(A).

Rule 3 of the Tennessee Rules of Appellate Procedure establishes that an appeal as a matter of right lies "from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty . . . ." Tenn. R. App. P. 3(b); see also Tenn. R. Crim. P. 37(b)(1). In addition, Rule 3(b) provides that a "defendant may also appeal as of right from an order denying or revoking probation, and from a judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). An adjudication of guilt followed by an order of judicial diversion does not result in a judgment of conviction unless the defendant violates the conditions imposed by the trial court. Dockery, 2002 WL 1042187, at *2; Kidd, 1999 WL 298309, at *1.

In State v. Norris, 47 S.W.3d 457 (Tenn. Crim. App. 2000), this Court determined that an appeal did not lie for Norris' co-defendant, who had been placed on judicial diversion. 47 S.W.3d at 463. The panel found that, because the co-defendant was granted, rather than denied, diversion, and because she had received no judgment of conviction, she had no appeal as of right. Id. "Although the choice to accept judicial diversion at least postpones and perhaps jeopardizes the defendant's opportunity to raise a legal issue, the quid pro quo, as compared to the defendant who pleads guilty and receives a conviction and a probated sentence, is that the defendant who accepted diversion has a self-determined chance to emerge from the process without a conviction on his or her record." Id. Because the Defendant was granted judicial diversion and, consequently, no judgment of conviction was entered against her, she may not appeal as of right. See id. at 461-63.

That being said, an appeal filed improperly under Rule 3 may, however, be treated as an application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. Norris, 47 S.W.3d at 463; State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App.1998); Dockery, 2002 WL 1042187, at *3. Rule 10 provides that an extraordinary appeal may be sought "if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review." Tenn. R. App. P. 10(a). An extraordinary appeal should only be granted when it is established that: (a) the ruling of the court below represents a fundamental

illegality; (b) the ruling constitutes a failure to proceed according to the essential requirements of the law; (c) the ruling is tantamount to the denial of either party of a day in court; (d) the action of the trial judge was without legal authority; (e) the action of the trial judge constituted a plain and palpable abuse of discretion; or (f) either party has lost a right or interest that may never be recaptured.  State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980).

Under these criteria, the trial court possessed jurisdiction and had the authority to place the Defendant on judicial diversion.  We conclude that the Defendant has failed to meet the requirements for the granting of a Rule 10 extraordinary appeal.  Accordingly, this Court lacks jurisdiction to review the Defendant's appeal, and the appeal is dismissed.

## CONCLUSION

Because the Defendant was placed on judicial diversion and no adjudication of guilt was entered, this Court lacks the jurisdiction to review the Defendant's appeal.  Accordingly, the appeal is dismissed.

_____
DAVID H. WELLES, JUDGE