# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs October 26, 2011

## STATE OF TENNESSEE v. JESSICA BIRKHEAD

**Appeal from the Criminal Court for Hamilton County**
**No.  271915    Rebecca J. Stern, Judge**

---

### No.  E2011-01001-CCA-R3-CD - Filed February 6, 2012

---

Appellant, Jessica Birkhead, appeals under Tennessee Rule of Appellate Procedure 3 after the trial court's grant of judicial diversion on a charge of vandalism under $500.  On appeal, Appellant asks this Court to determine: (1) whether the evidence was sufficient; (2) whether the trial court improperly considered irrelevant evidence; (3) whether the trial court improperly excluded responses to requests for admissions in a related civil suit; and (4) whether the trial court should have remanded the matter for a preliminary hearing because there was no transcript or recording of the hearing.  We determine that no final judgment of conviction exists that would entitle Appellant to an appeal pursuant to Tennessee Rule of Appellate Procedure 3 and that Appellant has not presented a compelling case for the grant of an extraordinary appeal under Tennessee Rule of Appellate Procedure 10.  Accordingly, Appellant's appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Dismissed.

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Robin Ruben Flores, Chattanooga, Tennessee, for the appellant, Jessica Birkhead.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; William H. Cox, III, District Attorney General; and Brian Findley, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

In May of 2009, Appellant was indicted by the Hamilton County Grand Jury for one count of aggravated assault and one count of vandalism under $500, for events that took place on Christmas Eve of 2008. Prior to trial, the State dismissed the aggravated assault charge.

The case proceeded to trial without a jury. At the conclusion of the proof, the trial court found Appellant guilty of vandalism under $500. A separate sentencing hearing was held, at which it was determined that Appellant was eligible for judicial diversion. The trial court placed Appellant on judicial diversion for eleven months and twenty-nine days and ordered her to complete an anger management course within six months.

Appellant filed a timely motion for new trial. The motion did not set forth specific grounds for relief. The trial court held a hearing on the motion. At the hearing, counsel for Appellant outlined the grounds for relief. The trial court denied the motion.

Appellant filed a timely notice of appeal.

## *Analysis*

On appeal, Appellant raises several issues. Appellant challenges the sufficiency of the evidence, several evidentiary determinations made by the trial court, and complains that there was no transcript of the preliminary hearing. The State contends that the evidence was sufficient and Appellant waived any other issues for failure to properly preserve them in a motion for new trial.

At the outset, we must determine whether this Court has jurisdiction of Appellant's appeal. Judicial diversion allows a defendant that is adjudicated guilty to, "upon successful completion of a diversion program, receive an expungement from all official records any recordation relating to 'arrest, indictment or information, trial, finding of guilty, and dismissal and discharge' pursuant to the diversion statute." *State v. Schindler*, 986 S.W.2d 209, 211 (Tenn. 1999) (quoting T.C.A. § 40-35-313(b)). "The effect of discharge and dismissal under the diversion statute 'is to restore the person . . . to the status the person occupied before such arrest or indictment or information.'" *Id.* (quoting T.C.A. § 40-35-313(b)). A final disposition of the case does not occur until either the defendant successfully completes the diversion program or violates a condition of his release. *State v. Teresa Dockery*, No. E2001-01493-CCA-R3-CD, 2002 WL 1042187, at *2 (Tenn. Crim.

App., at Knoxville, May 23, 2002), *perm. app. denied*, (Tenn. Nov. 2, 2002); *State v. Glenna Kidd*, No. 01C01-9808-CR-00344, 1999 WL 298309, at \*1 (Tenn. Crim. App., at Nashville, May 13, 1999). Judicial diversion may be ordered only with the consent of a "qualified defendant." T.C.A. § 40-35-313(a)(1)(A).

The Tennessee Rules of Appellate Procedure require this Court to determine whether we have jurisdiction in every case on appeal. *See* Tenn. R. App. P. 13(b). In criminal cases, an appeal as of right lies from a final judgment of conviction. Tenn. R. App. P. 3(b). In this case, the trial court granted judicial diversion to Appellant. Under the provisions of the judicial diversion statute, if Appellant does not violate any of the conditions of probation, the court shall dismiss the proceedings without an adjudication of guilt. T.C.A. § 40-35-313(a)(2).

In *State v. Norris*, 47 S.W.3d 457, 461-63 (Tenn. Crim. App. 2000), this Court concluded that an Appellant has no appeal as of right pursuant to Rule 3(c) of the Tennessee Rules of Appellate Procedure when the Appellant has been granted judicial diversion. 47 S.W.3d at 462. This Court determined in *Norris* that it is fair to disallow an appeal as of right from the grant of judicial diversion because "a trial court may not impose judicial diversion except with the defendant's consent." *Id.* (citing T.C.A. § 40-35-313(a)(1)(A) (1997)). "As a practical matter, a trial court rarely if ever grants judicial diversion until a defendant has literally begged for it." *Id.* In other words, even though the grant of judicial diversion jeopardizes a defendant's opportunity to raise a legal issue on appeal, the defendant who accepts diversion can emerge from the process without a conviction. *Id.*

In *Norris*, this Court also acknowledged that the situation may arise in which a defendant granted judicial diversion may seek an appeal pursuant to Tennessee Rule of Appellate Procedure 9, governing interlocutory appeals, or Tennessee Rule of Appellate Procedure 10, governing extraordinary appeals. *Id.* at 463. In fact, an appeal filed improperly under Rule 3 may be treated as an application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. *Id.*; *State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998); *Teresa Dockery*, 2002 WL 1042187, at \*3. Under Rule 10, an extraordinary appeal may be sought "if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review." Tenn. R. App. P. 10(a). This Court should grant an extraordinary appeal when it is established that: (a) "the ruling of the court below represents a fundamental illegality;" (b) "the ruling constitutes a failure to proceed according to the essential requirements of the law;" (c) the ruling is "tantamount to the denial of either party of a day in court;" (d) "the action of the trial judge was without legal authority;" (e) "the action of the trial judge constituted a plain and palpable abuse of discretion;" or (f) "either party has lost a right or interest that may never be recaptured." *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980).

-3-

Looking at the case herein, with the record presented to this Court on appeal, we determine that the trial court possessed jurisdiction and had the authority to place Appellant on judicial diversion, and she agreed to that placement. We further conclude that Appellant has failed to meet the requirements for the granting of a Rule 10 extraordinary appeal. *See State v. Wiley Moore, Jr.*, No. M2008-01524-CCA-R3-CD, 2009 WL 2342905 (Tenn. Crim. App., at Nashville, July 30, 2009); *State v. Sherrie Ann Collins*, No. M2007-01356-CCA-R3-CD, 2008 WL 2579170 (Tenn. Crim. App., at Nashville, June 27, 2008).[1] Accordingly, this Court lacks jurisdiction to review Appellant's appeal, and the appeal is dismissed.

*Conclusion*

For the foregoing reasons, the appeal is dismissed.

_____
JERRY L. SMITH, JUDGE

---

[1] We do not determine today whether an interlocutory appeal pursuant to Tennessee Rule of Procedure 9 would be the appropriate manner in which to proceed in this case.

-4-