**Ronnie Lee CANIPE**

v.

**The MEMPHIS CITY SCHOOLS BOARD OF EDUCATION.**

Supreme Court of Tennessee, at Jackson.

Oct. 2, 2000.

Charles Hampton White, Richard L. Colbert, and Kurtis J. Winstead, Nashville, for the appellant, Ronnie Lee Canipe.

Ernest G. Kelly, Jr., Memphis, for the appellee, the Memphis City Schools Board of Education.

## OPINION

BIRCH, J., delivered the opinion of the court, in which ANDERSON, C.J., HOLDER and BARKER, JJ., joined.

This appeal arises from a decision by the defendant, the Memphis City Schools Board of Education, to terminate the plaintiff, Ronnie Lee Canipe, a tenured teacher. At the hearing, the Board found that Canipe had entered a guilty plea to sexual battery pursuant to a diversion agreement. Based on this and other evidence, the Board terminated Canipe's employment. On petition for certiorari, the trial court granted summary judgment to the Board, and the Court of Appeals affirmed. We granted Canipe's application for review in order to determine whether the Board considered, in terminating Canipe, evidence which was excludable under the provisions of the judicial diversion statute, Tenn. Code Ann. § 40–35–313 (1997). Following our thorough review of the record and close consideration of the authorities, we agree that the Board's decision was based upon appropriate evidence properly admitted. Because we conclude that the evidence was properly before the Board, we hold that the expungement provisions of the diversion statute were not violated and affirm the judgment of the Court of Appeals.

## I. Facts and Procedural History

The record before us indicates that Canipe began working as a music teacher for the Memphis City Schools in 1986. He taught continuously thereafter and held tenure at the time of his dismissal on January 30, 1996. In 1992, Canipe was accused of inappropriate conduct with a fourth-grade student. In March 1992, Ricks Mason, the Personnel Director, investigated the accusation. While he determined that Canipe had used "poor judgment," he was unable to find conclusive evidence of "intentional wrongdoing." As a result of his investigation, Mason suspended Canipe for five days without pay. This sanction was imposed without having conducted a formal hearing, but Canipe was notified that if additional information were to surface, the case could be revisited and punishment reconsidered.

In November 1994, Canipe was indicted for sexual battery stemming from the 1992 incident. On January 11, 1995, in accordance with the judicial diversion procedures set out in Tenn.Code Ann. § 40–35–313 (1997), he pleaded guilty to sexual battery and was placed on probation. Under the agreement, upon completion of a one-year probationary period, the record would be expunged in accordance with statutory provisions.

The Board took no action regarding Canipe during the remainder of the 1994–95 school year. On July 24, 1995, a local newspaper published an article which exposed Canipe's plea of guilty, the diversion agreement, and his employment as a teacher in the Memphis City Schools. This information led to a conference between Mason and Canipe. During the conference, Canipe admitted that he had pleaded guilty to the charge of sexual battery. He insisted, however, that the plea had been entered only for the purpose of ending his legal problems expeditiously and economically.

Moving to terminate Canipe's employment, the Board filed formal charges on August 14, 1995. The charge was "conduct unbecoming a member of the teaching profession"; the specification was that the guilty plea contradicted Canipe's earlier version of the incident and made the five-day suspension inadequate as a sanction.

Pursuant to the Teacher Tenure Act,[1] the Board conducted a due process hearing on January 29, 1996, which was subsequent to the entry of an order expunging records of Canipe's plea of guilty. At the hearing, the Board considered evidence of Canipe's admission to Mason that Canipe had entered a plea of guilty to sexual battery. Moreover, Canipe himself testified concerning the circumstances under which the plea had been entered and his version of the conduct with the student. At the close of the hearing, the Board concluded that the charge against Canipe had been sustained and terminated his employment.

Canipe petitioned for certiorari, as is provided in Tenn.Code Ann. § 49–5–513 (1997).[2] The trial court found that the Board had properly considered Canipe's entry of a guilty plea to sexual battery and the facts upon which the plea was based. Additionally, the trial court noted that Canipe had failed to object at the hearing to the introduction of evidence concerning the guilty plea and the underlying circumstances. Moreover, the trial court found that Canipe, himself, had introduced proof, including his own testimony, concerning the above matters. Based on these findings, the trial court granted the Board's motion for summary judgment.

Canipe appealed to the Court of Appeals. He contended that the Board's consideration of records subject to expungement deprived him of his rights under Tenn.Code Ann. § 40–35–313. He insisted that he had been deprived of a meaningful hearing because he was regarded as having pleaded guilty to a crime, in contravention of a statutory right to be treated as though he had never been indicted in the first place. The Court of Appeals concluded that although the Board did consider the guilty plea, Canipe was precluded from relying on the provisions of Tenn.Code Ann. § 40–35–313 because of his failure to object to the introduction of such evidence at the hearing.

## II.  Standard of Review

■ Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.03; *Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn.1993). Since our inquiry involves solely a question of law, no presumption of correctness attaches to the judgment of the trial court. Our task, therefore, is limited to reviewing the record to determine whether the requirements of Rule 56, Tenn. R. Civ. P., have been fulfilled. *See Staples v. CBL & Assoc.,* 15 S.W.3d 83, 88 (Tenn.2000); *Seavers v. Methodist Medical Ctr.,* 9 S.W.3d 86, 90–91 (Tenn.1999). Courts should "grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion." *Staples,* 15 S.W.3d at 89; *see also Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn.1997). In reviewing the record to determine whether the requirements of summary judgment have been met, we must view all of the evidence in the light most favorable to the non-moving party. *Eyring v. Fort Sanders Parkwest Medical Ctr.,* 991 S.W.2d 230, 236 (Tenn.1999); *Byrd,* 847 S.W.2d at 210–11.

## III.  Analysis

Canipe contends that the Board considered records that were subject to the ex-

---

1.  Tenn.Code Ann. § 49–5–512 (1997).

2.  Tenn.Code Ann. § 49–5–513 states in pertinent part:
(a) A teacher under "permanent tenure" or "limited tenure" status who is dismissed or suspended by action of the board may petition for a writ of certiorari from the chancery court of the county where the teacher is employed.
(b) ... The petition shall be addressed to the presiding chancellor and shall name as defendants the members of the board and such other parties of record, if such, as were involved at the hearing before the board.

pungement provision of Tenn.Code Ann. § 40–35–313 when it decided to terminate his employment. The 1997 version of the statute, which is pertinent here, provides that trial courts may defer proceedings for an eligible offender without entering a judgment of guilt and may place the offender on probation subject to reasonable conditions. *See* Tenn.Code Ann. § 40–35–313. If the probationary period is completed and the conditions are met, the trial court enters an expungement order and "*all recordation* relating to the person's arrest, indictment or information, trial, finding of guilty, and dismissal and discharge" are expunged. Tenn.Code Ann. § 40–35–313(b) (emphasis added).

Canipe was granted diversion on January 11, 1995; thus, his probation was in progress when the Board initiated formal proceedings to terminate his employment. However, the probation had been completed and the record had been expunged prior to the Board hearing. Canipe chiefly contends that the Board considered, in the hearing, evidence contained in records that already had been expunged. Thus, he suggests that the Board's decision to terminate him was based, at least in part, upon evidence which had been rendered inadmissible under the provisions governing expungement.

█ We conclude otherwise. The record shows that the Board relied upon information reported in a local newspaper that detailed Canipe's plea of guilty and diversion agreement. Additionally, and even more important, the Board considered Canipe's admission to Mason that he had pleaded guilty to sexual battery. All of this evidence had been developed well in advance of the entry of the expungement order. Moreover, neither of these sources constitutes an "official record" within the definition of Tenn.Code Ann. § 40–35–313. It results, therefore, that the evidentiary protections of the expungement statute are inapposite here.

Our conclusion here is consistent with our holding in *State v. Schindler*, 986 S.W.2d 209 (Tenn.1999); *see also State v. Lane*, 3 S.W.3d 456, 461–62 (Tenn.1999). In *Schindler*, we considered whether records of prior convictions that were later expunged could be considered in determining a defendant's eligibility for judicial diversion in a new case. *Id.* at 211. We concluded that "[e]xpungement does not return a person to the position occupied prior to committing the offense" and that "testimony and evidence of the criminal acts preceding the arrest are admissible as evidence of . . . social history even if expungement is later obtained." *Id.* at 211–12. Accordingly, in the case under submission, we hold that Canipe's admission that he had pleaded guilty to sexual battery properly could be considered by the Board at the hearing.

The Court of Appeals concluded also that Canipe, by failing to object to the introduction of evidence concerning the guilty plea and diversion agreement, and by adducing evidence on the subject as well as testifying about it himself, waived any benefit of the statutory provision regarding the admissibility of expunged evidence. Because we have concluded that the protections afforded by the expungement statute do not apply here, we find it unnecessary to address the waiver issue.

## IV. Conclusion

Under the applicable standards recited above, we hold that the trial court's grant of summary judgment to the Board was proper, and accordingly, we affirm the judgment of the Court of Appeals upholding the trial court's award of summary judgment to the Board. Costs of the appeal are taxed to the plaintiff, Ronnie Lee Canipe.

DROWOTA, J., not participating.