IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted on Briefs June 16, 2009

**JIMMY MACON**

**v.**

**SHELBY COUNTY GOVERNMENT CIVIL SERVICE MERIT BOARD
and SHELBY COUNTY SHERIFF'S DEPARTMENT**

Appeal from the Chancery Court for Shelby County
No. CH-04-0676-2    Arnold B. Goldin, Chancellor

_____

**No. W2008-02668-COA-R3-CV - Filed September 25, 2009**

_____

This is an appeal from an administrative hearing on a termination. The plaintiff was a deputy jailer with the sheriff's department. He was arrested and charged with, *inter alia*, driving under the influence. The subsequent internal investigation by the sheriff's department revealed that, prior to his hire, the deputy jailer had pled guilty to a felony drug charge. The conviction was expunged. On the plaintiff's later application for employment with the sheriff's department and on the background check form, the plaintiff was asked whether he had had any arrests or convictions, including any that had been expunged. The plaintiff answered that he had none. After the internal investigation, the deputy jailer was terminated for violating sheriff's department regulations governing personal conduct, adherence to law, and truthfulness. The deputy jailer appealed his termination to the civil service merit review board which upheld the termination based on violation of the truthfulness regulation. This was appealed to the trial court, which ultimately upheld the termination as well. From this order, the deputy jailer now appeals, challenging the sufficiency of the evidence before the board and arguing that the board's failure to include conclusions of law precludes adequate judicial review. We affirm, finding that the evidence is substantial and material; that the sheriff's department and the civil service board properly considered the expunged conviction; and that the board's failure to include conclusions of law in its decision does not preclude adequate judicial review in this case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Ronald C. Wilson, West Memphis, Arkansas, for the Petitioner/Appellant Jimmy Macon

Martin W. Zummach, Germantown, Tennessee, for the Respondents/Appellees Shelby County Civil Service Merit Board and Shelby County Sheriff's Department

**OPINION**

## FACTS AND PROCEDURAL HISTORY

Petitioner/Appellant Jimmy Macon ("Mr. Macon") was employed as a deputy jailer with the Shelby County Sheriff's Department ("Sheriff's Department") when he was arrested on August 28, 2003 in West Memphis, Arkansas for DUI, speeding, and improper lane change. The Sheriff's Department was notified of the arrest and Detective Jane Bartlett went to the Crittenden County Detention Center, where Mr. Macon had been transported. Detective Bartlett spoke with a lieutenant with the Crittenden County, Arkansas, Sheriff's Office, who advised Detective Bartlett that the arresting officer had told him that Mr. Macon was a convicted felon. The lieutenant did not know where the arresting officer got this information.

Thereafter, the Shelby County Sheriff's Department conducted an internal affairs investigation on Mr. Macon. As part of the investigation, Detective Bartlett pulled Mr. Macon's file and learned that the background checks that were run on Mr. Macon in October 2000, before he was hired, utilized the National Crime Information Center ("NCIC") database and the Shelby County Records and Identification database. This background check found no criminal records. Detective Bartlett then searched the NCIC database again, and it again found no criminal records. She then ran another background check using the National Law Enforcement Telecommunications System ("NLETS"), a system that allows the user to check individual state records. Using NLETS, Detective Bartlett accessed a record for Mr. Macon out of Arkansas with the message "Record No Longer On File - Expunged 19990409." She then contacted the West Memphis Police Department, which advised her that Mr. Macon had pled guilty to a felony drug charge of manufacturing, delivery and possession of a controlled substance. The final disposition of Mr. Macon's case was in October 1993. The case was sealed[1] on March 17, 1999.

As part of the internal investigation, Detective Bartlett also examined Mr. Macon's employment application and the security investigation statement that he completed. In his application, Mr. Macon was asked, "Have you ever been convicted of a felony?" He responded, "No." In his security investigation statement, Mr. Macon was asked whether he had ever been arrested and charged by a law enforcement agency, whether he had ever been indicted, and whether he had ever been issued a misdemeanor citation. He answered "no" to all of these questions. The next section of the security investigation statement asked for additional information if the answer to any of the previous questions was "yes." This section sought such information as the date of the occurrence, the charge, the disposition, and whether the charge was expunged. Mr. Macon left this blank.

Armed with this information, Detective Bartlett interviewed Mr. Macon and asked him if everything in his employment application was true and accurate. Mr. Macon responded, "Yes everything except where it asked if you had ever been convicted [of] a felony," and told Detective Bartlett that his record was sealed in 1999. When asked why he falsified his application, Mr. Macon

---

[1]Having a case "sealed" appears to be synonymous with having the conviction expunged. " '[E]xpungement' is defined as the '[p]rocess by which record of criminal conviction is destroyed or *sealed* after expiration of time.' " David L. Raybin, *Expungement of Arrest Records: Erasing the Past,* 44 TENN. B. J. 22, 22-23 (Mar. 2008) (quoting BLACK'S LAW DICTIONARY 522 (5th ed. 1979) (emphasis added).

said that an unnamed person told him that if the record did not show up, not to worry about it and that the Sheriff's Department would probably not find out.

Thereafter, Mr. Macon was charged with violating the Sheriff's Department's Rules and Regulations, namely, SOR 104 Personal Conduct,[2] SOR 105 Adherence to Law,[3] and SOR 108 Truthfulness.[4] The internal affairs report states that Mr. Macon violated the personal conduct rule because he "was arrested for DUI in West Memphis, . . . bringing discredit upon the Shelby County Sheriff's Office," violated the adherence to law rule because of the "DUI arrest . . . and being a convicted felon for Narcotics," and violated the truthfulness rule because he "falsified his application for employment, stating he had never been arrested or convicted of a felony."

Mr. Macon's Loudermill hearing was held on September 18, 2003. On October 10, 2003, the Sheriff's Department notified Mr. Macon by letter that he had been found guilty of the charges and that his employment would be terminated. Mr. Macon appealed his termination to the Shelby County Civil Service Merit Review Board ("the Board").

The Board heard Mr. Macon's case on January 22, 2004. Mr. Macon was the only witness who testified. During his testimony, he admitted that in 1993, he pled guilty to possession of cocaine, a felony, and also admitted that, in response to the question on his employment application on whether he had ever been convicted of a felony, he answered, "no." Mr. Macon also conceded that, in response to the question on the security investigation statement on whether he had been convicted of a felony, he answered "no," despite the fact that the security statement directed him to

---

[2] SOR 104 Personal Conduct provides as follows:

The conduct of each employee, both on and off duty, is expected to be such that it will not reflect adversely on other employees, the SCSO, Shelby County, or the law enforcement profession. This regulation applies to both the professional and private conduct of all employees. It prohibits any and all conduct which is contrary to the letter and the spirit of SCSO policy and procedure that would reflect adversely upon the SCSO or it's [sic] employees. It includes not only all unlawful acts by employees but also acts which, although not unlawful in themselves, would violate the Law Enforcement Code of Ethics, and would degrade or bring disrespect upon the employee or the SCSO.

[3] SOR 105 Adherence to Law provides as follows:

An employee shall act in accord with the constitution, statutes, ordinances, administrative regulations and the official interpretations thereof, of the United States, the State of Tennessee, and the County of Shelby. Any employee who (1) is convicted of, (2) pleads guilty to, or (3) pleads nolo contendere to any federal, state, or local violation involving a felony or other crime related to force, violence, theft, dishonesty, gambling, liquor, or controlled substance (including driving Under the Influence of an Intoxicant or drug), is subject to termination from employment. When in another jurisdiction, employees will obey applicable local and state laws. Ignorance of such laws cannot be regarded as a valid defense against failure to meet the requirements of this regulation.

[4] SOR 108 Truthfulness provides as follows:

An employee shall not give any information, either oral or written, in connection with any assignment or investigation that is either knowingly incorrect, false, or deceitful.

include any expungements.[5] He maintained that he was not required to list his conviction because it had been expunged. Mr. Macon claimed that he informed one of his training academy instructors, Lieutenant M. Hunt, of his expunged felony conviction. After hearing Mr. Macon's testimony, on February 9, 2004, the Board issued an opinion upholding the termination of Mr. Macon's employment.

On April 7, 2004, Mr. Macon filed a petition for writ of certiorari in the Shelby County Chancery Court seeking, *inter alia*, reversal of the Board's decision and reinstatement, as well as backpay, court costs, and attorney's fees. The Board and the Sheriff's Department (collectively, "the County") filed a response requesting dismissal of Mr. Macon's petition. A hearing on the petition was held on April 13, 2006. On July 17, 2006, the trial court entered an order granting Mr. Macon's petition to review and remanding the case to the Board to address, *inter alia*, whether the Sheriff's Department had the right to ask Mr. Macon about a criminal conviction that had been expunged. The County filed a motion to reconsider, which was granted on December 7, 2006.

After reconsidering, on September 25, 2008, the trial court entered an order affirming the Board's decision to uphold Mr. Macon's termination. The trial court found that the Board's decision was supported by substantial and material evidence. The trial court's order did not assess court costs. Mr. Macon filed a notice of appeal. Finding that Mr. Macon had appealed an order that was not final, this Court entered an order requiring Mr. Macon to obtain a final judgment from the trial court or face dismissal of his appeal. On August 21, 2009, the trial court amended its September 25, 2008 order to assess court costs and to conform to Rule 54.02 of the Tennessee Rules of Civil Procedure. Thus, this Court has subject matter jurisdiction to hear Mr. Macon's appeal.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Mr. Macon raises the following issues for our review:

1. Whether the trial court erred in upholding the Board's decision by finding that the decision was supported by substantial and material evidence.
2. Whether the Board's decision was arbitrary and capricious.
3. Whether the Board's failure to include conclusions of law in its decision precludes adequate judicial review.

Under Tennessee Code Annotated section 27-9-114, a decision by a county civil service board that affects the employment status of a civil servant is subject to judicial review in accordance with the provisions of the Uniform Administrative Procedures Act, as codified at section 4-5-322.[6]

---

[5] It appears from the record that a page is missing from the employment application and from the security investigation statement. However, there does not seem to be a dispute concerning the questions that were asked.

[6] Mr. Macon sought review in the chancery court by filing a "Petition for Certiorari to Review Decision of Civil Service Merit Board." The common law writ of certiorari is no longer the method of judicial review under Tennessee Code Annotated section 27-9-114. *See Davis*, 278 S.W.3d at 262 (noting that in 1988 the General Assembly amended (continued...)

*See* T.C.A. § 27-9-114(b)(1) (2000 & Supp. 2008); *Davis v. Shelby County Sheriff's Dep't*, 278 S.W.3d 256, 262 (Tenn. 2009); *County of Shelby v. Tompkins*, 241 S.W.3d 500, 505 (Tenn. Ct. App. 2007). Because the Shelby County Government Civil Service Merit Board is "just that - a 'civil service board,' " its decisions are reviewed in accordance with section 4-5-322. *Davis*, 278 S.W.3d at 262.

Under section 4-5-322(g), the Board's decision is subject to nonjury review by the trial court. Its scope of review is limited to the administrative record, unless the error is procedural. *See* T.C.A. § 4-5-322(g) (2005); *Tompkins*, 241 S.W.3d at 505; *Pruitt v. City of Memphis*, No. W2004-01771-COA-R3-CV, 2005 WL 2043542, at *6 (Tenn. Ct. App. Aug. 24, 2005). The Court's scope of review is set out in section 4-5-322(h), which states:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.
> (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

T.C.A. § 4-5-322(h) (2005). "The scope of review in this Court is the same as in the trial court, to review findings of fact of the administrative agency upon the standard of substantial and material evidence." *Gluck v. Civil Serv. Comm'n*, 15 S.W.3d 486, 490 (Tenn. Ct. App. 1999) (citing *DePriest v. Puett*, 669 S.W.2d 669 (Tenn. Ct. App. 1984)). The "substantial and material evidence" standard has been described as requiring "something less than a preponderance of the evidence, but more than a scintilla or glimmer." *Wayne County v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 280 (Tenn. Ct. App. 1988) (citations omitted). "Substantial and material evidence is 'such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration.' " *Pruitt*, 2005 WL 2043542, at *7 (quoting *Lamarr v. City of Memphis*, No. W2002-02087-COA-R3-CV, 2004 WL 370298, at *2 (Tenn. Ct. App. Feb. 27, 2004)). In the instant case, some of the Board's factual findings are based on its determination of Mr. Macon's credibility. On appeal, this Court affords "considerable deference" to the Board's factual findings based on its determinations of credibility.

---

[6](...continued)

section 27-9-114 by deleting the provision requiring review by the common law writ of certiorari and replacing it with the current provision that provides for judicial review under the UAPA). Mr. Macon did, however, identify the proper code sections in the body of the petition.

*See Davis*, 278 S.W.3d at 266 (citing *Seals v. England/Corsair Upholstery Mfg. Co.*, 984 S.W.2d 912, 915 (Tenn. 1999)).

ANALYSIS

*Substantial and Material Evidence*

Mr. Macon first asserts that the trial court erred in finding that the Board's decision was based on substantial and material evidence. It is undisputed in this case that, in the employment application and the related forms, Mr. Macon was squarely asked whether he had been convicted of a felony, including expunged convictions, and he answered "no." It is undisputed that this answer was not true. The Board's decision to uphold the termination of Mr. Macon's employment was based on a finding that he had violated the Sheriff's Department's Rules, namely, SOR 108 Truthfulness.[7] Clearly, Mr. Macon's answer to the question amounted to a material misrepresentation on both the employment application and the security information statement. This constitutes "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for" the Board's decision, *Pruitt*, 2005 WL 2043542, at *7 (quoting *Lamarr*, 2004 WL 370298, at *2), unless for some reason the Board was prohibited from considering Mr. Macon's expunged conviction or Mr. Macon had the right to refrain from disclosing his expunged conviction to the Sheriff's Department.

In Tennessee, two statutes address expungement, namely, Tennessee Code Annotated section 40-32-101[8] and section 40-35-313(b).[9] *See State v. Dishman*, 915 S.W.2d 458, 464 (Tenn. Crim.

---

[7]Because the hearing before the Board focused almost exclusively on violation of SOR 108 Truthfulness, we review the Board's decision on this ground.

[8]Section 40-32-101 provides in pertinent part:

(a)(1)(A) All public records of a person who has been charged with a misdemeanor or a felony shall, upon petition by that person to the court having jurisdiction in the previous action, be removed and destroyed without cost to the person, if:

(i) The charge has been dismissed;
(ii) A no true bill was returned by a grand jury;
(iii) A verdict of not guilty was returned, whether by the judge following a bench trial or by a jury; or
(iv) The person was arrested and released without being charged.

T.C.A. § 40-32-101(a)(1)(A) (2008 Supp.).

[9]Section 40-35-313(b) provides:

(b) Upon the dismissal of the person and discharge of the proceedings against the person under subsection (a), the person may apply to the court for an order to expunge from all official records, . . . all recordation relating to the person's arrest, indictment or information, trial, finding of guilty, and dismissal and discharge pursuant to this section;

(continued...)

-6-

App. 1995) (describing section 40-32-101 as the "general expungement" statute and section 40-35-313(b) as the "expungement language contained in [Tennessee's] judicial diversion statute"). Neither addresses whether an employer, specifically a law enforcement agency, may require applicants to disclose expunged convictions during the application process. Many states have adopted statutes directly addressing this issue. Most explicitly provide that applicants seeking law enforcement employment must acknowledge expunged records. *See, e.g.,* FLA. STAT. ANN. § 943.0585(4)(a) (West 2009) ("The person who is the subject of a criminal history record that is expunged . . . may lawfully deny or fail to acknowledge the arrests covered by the expunged record, except when the subject of the record: 1. Is a candidate for employment with a criminal justice agency"); KAN. STAT. ANN. § 21-4619(f)(2) (2008) ("[T]he petitioner shall disclose that the arrest, conviction or diversion occurred if asked about previous arrests, convictions or diversions: . . . (J) in any application for employment as a law enforcement officer") (amended 2009); N.J. STAT. ANN. § 2C:52-27(c) (West 2009) ("Information divulged on expunged records shall be revealed by a petitioner seeking employment . . . with a law enforcement or corrections agency"). In contrast, at least one state explicitly *prohibits* employers, including state and local agencies, from requiring applicants to acknowledge expunged records. *See* COLO. REV. STAT. ANN. § 24-72-308(1)(f)(I) (West 2009) ("Employers, . . . , state and local governments agencies, officials, and employees shall not, in any application or interview or in any other way, require an applicant to disclose any information contained in any sealed records").

In the absence of any Tennessee statute addressing this issue, we find no authority for prohibiting law enforcement agencies from inquiring into the expunged records of applicants, or from requiring applicants to answer such inquiries truthfully and completely. Consequently, we find no basis for concluding that the Sheriff's Department could not inquire into Mr. Macon's expunged records.

We next consider whether Mr. Macon had the right to decline to disclose his expunged conviction to the Sheriff's Department and whether the Board could consider Mr. Macon's admission of a non-disclosed expunged record in making its termination decision. Tennessee Code Annotated section 40-35-313(b)[10] states that "[n]o person as to whom the order [of expungement] has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement" for failing to acknowledge the expunged record "in response to any inquiry made of the person for any purpose" notwithstanding an exception that is not applicable here. T.C.A. § 40-35-313(b) (2000 & 2008 Supp.). The case at bar does not involve a criminal conviction for perjury or making a false statement; rather, Mr. Macon's employment was terminated for violating the Sheriff's Department's Rules and Regulations, in particular, SOR 108 Truthfulness. Moreover, while this Court has held that section 40-35-313(b) prevents an expunged guilty plea *itself* from being the basis for an administrative decertification of a police officer, *see Wright v. Tenn. Peace Officer Standards & Training Comm'n*, 277 S.W.3d 1, 14 (Tenn. Ct. App. 2008), the

---

[9] (...continued)
T.C.A. § 40-35-313(b) (2000 & 2008 Supp.).

[10] Notably, section 40-32-101 contains no language addressing the effect of an expungement made pursuant to it. As such, we analyze this issue under the more detailed language of section 40-35-313(b).

Tennessee Supreme Court has held that a party's admission of an expunged guilty plea may properly be considered as evidence of the underlying conduct in a disciplinary hearing before an administrative board. *Canipe v. Memphis City Schs. Bd. of Educ.*, 27 S.W.3d 919, 922 (Tenn. 2000). Considering the limited language in section 40-35-313(b) and the Court's decision in *Canipe*, we must conclude that Mr. Macon did not have the right to refrain from disclosing his expunged conviction in his response to Sheriff's Department lawful inquiry, and that the Board's consideration of Mr. Macon's admission of an expunged conviction was proper. Accordingly, we find that the trial court did not err in holding that the Board's decision was based on substantial and material evidence.

### Arbitrary and Capricious

Mr. Macon also argues that the Board's decision was arbitrary and capricious. "A decision unsupported by substantial and material evidence is arbitrary and capricious." *City of Memphis v. Civil Service Comm'n of City of Memphis*, 238 S.W.3d 238, 243 (Tenn. Ct. App. 2007) (citing *City of Memphis v. Civil Service Comm'n*, 216 S.W.3d 311, 315 (Tenn. 2007)). For the reasons outlined above, we find that the Board's decision was based on substantial and material evidence and was not arbitrary and capricious.

### Failure to Provide Conclusions of Law

Finally, Mr. Macon asserts that the Board's failure to provide conclusions of law precludes adequate judicial review. Part Three of the Uniform Administrative Procedures Act, codified in Tennessee Code Annotated section 4-5-301, *et seq.*, outlines the procedures governing contested cases before an administrative body. *See Public Employees for Envtl. Responsibility v. Tenn. Water Quality Control Bd.*, No. M2008-01567-COA-R3-CV, 2009 WL 1635087, at *10 n.9 (Tenn. Ct. App. June 10, 2009). In particular, section 4-5-314(c) requires the final order of an administrative body to include, *inter alia,* conclusions of law. T.C.A. § 4-5-314(c) (2005). However, Shelby County is a home rule jurisdiction, and thus under section 27-9-114(a)(2), the Board is exempted from these requirements. *Davis*, 278 S.W.3d at 263; *Tompkins*, 241 S.W.3d at 503-04. Nevertheless, "a reviewing court must have sufficient information regarding the agency action to determine whether the action comports with the law and to avoid substituting its judgment for that of the administrative tribunal." *Tompkins*, 241 S.W.3d at 504.

In the case at bar, the Board conducted a hearing which included Mr. Macon's testimony. The Board then issued a four-page decision outlining the basis for its determination that he violated SOR 108 Truthfulness. Based on Mr. Macon's testimony, the Board found Mr. Macon previously pled guilty to possession of cocaine and omitted this fact in response to a direct inquiry on the security investigation form. While the Board's decision fails to include a "Conclusions of Law" section heading, the basis of the Board's determination is apparent from the content of the written decision and the record as a whole. Mr. Macon cites *Tompkins* for the proposition that the Board's failure to include conclusions of law precludes adequate judicial review. In *Tompkins*, the Civil Service Merit Board neglected to include its written decision in the record transmitted to the trial court. *Id.* at 503. The Court of Appeals held that this omission was not fatal because the "decision conveyed no findings of fact or other information unknown to the lower court that could have

impacted its ruling" and "the lower court had before it all relevant information pertaining to" the Board's decision. *Id.* at 504. The Court then went on to analyze the substantive issues of the appeal. *Id.* In short, in *Tompkins*, even the failure to include the written decision did not preclude adequate judicial review. *See id.* We must respectfully reject Mr. Macon's argument, and find that the trial court did not err in its decision.

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are assessed against Appellant Jimmy Macon and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE