IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 19, 2013 Session

## WILLIAM H. THOMAS, JR. v. TENNESSEE DEPARTMENT OF TRANSPORTATION

**Appeal from the Chancery Court for Davidson County**
**No. CH-11-0516-IV     Russell T. Perkins, Chancellor**

_____

**No. M2012-00673-COA-R3-CV - Filed April 9, 2013**

_____

An applicant for billboard permits sought judicial review of the decision of the Tennessee Department of Transportation to deny the applications. We have concluded, as did the trial court, that the grandfathering provisions of Tenn. Code Ann. § 13-7-208 did not apply in this case. Finding no error, we affirm the trial court's decision upholding the Department's denial of the billboard permit applications.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, M.S., P.J.,  and FRANK G. CLEMENT, JR., J., joined.

William H. Thomas, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Bruce M. Butler, Assistant Attorney General, for the appellee, Tennessee Department of Transportation.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts in this case are not in dispute. On May 24, 2007, William H. Thomas, Jr., submitted to the Beautification Office of the Tennessee Department of Transportation ("TDOT" or "Department") two applications for billboard permits for a location within 660 feet of and visible from I-40 westbound at log mile 14.30 in Fayette County. These applications were assigned application numbers 7828 and 7829. Mr. Thomas later submitted applications for two nearby sites; these applications were assigned numbers 8967, 8968, 8969, and 8970.

The applied-for location for applications 7828 and 7829 is, and was at the time of the applications, within the municipal limits of the city of Gallaway. The property was annexed by the city in 2006 and rezoned from commercial to "AR," a designation which allows for agricultural or low density single-family residential uses. Unlike the other two sites for which Mr. Thomas sent in applications, applications 7828 and 7829 related to a location in which there had not previously been a billboard.

On July 12, 2007, after a field inspection, TDOT initially denied Mr. Thomas's applications 7828 and 7829 based on its belief that the property was zoned commercial but that the rezoning constituted "spot zoning," not comprehensive zoning, and therefore would not qualify for outdoor advertising under TDOT rules. Mr. Thomas requested an administrative hearing to appeal the denial of his applications. The Department subsequently learned that the applied-for location was actually zoned AR, not commercial, and issued a revised denial letter on November 18, 2008 based upon the ground that the property was not comprehensively zoned commercial and/or industrial as required by TDOT rules.

*Administrative review*

Mr. Thomas and TDOT both filed motions for summary judgment. After a hearing in December 2009, the ALJ issued an order on April 6, 2010 denying Mr. Thomas's motion and granting TDOT's motion for summary judgment. The Department then filed a motion to reconsider due to errors in the ALJ's order and, on May 25, 2010, the ALJ issued an amended order; the ALJ again granted TDOT's motion for summary judgment and denied Mr. Thomas's motion. Mr. Thomas appealed this order. On March 8, 2011, the Commissioner issued a final order affirming the decision of the ALJ.

*Proceedings in chancery court*

On April 19, 2011, Mr. Thomas filed a petition for judicial review of the Commissioner's final order. On March 22, 2012, the trial court entered an order affirming TDOT's decision to deny Mr. Thomas's applications for billboard permits. In making this ruling, the trial court made a number of factual findings, including the following:

1. Plaintiff submitted the two billboard permit applications at issue in this case on or about May 24, 2007. Petitioner's property, located in Gallaway, Fayette County, Tennessee, "has been zoned AR (Agricultural/Low Density Single Family Residential) since June 2006." Plaintiff sought to consolidate other billboard permit application disputes with this dispute. The two parcels at issue here were identified as Location 3. An adjoining property was described as Location 2, and property located on the south side of I-40 was designated

as Location 1.

2. "There is no dispute that the property on the north side of I-40 was zoned commercial in 1995 and remained zoned commercial until 1996 when the property was annexed by the City of [Gallaway]."

3. "There is no dispute that the locations covered by Petitioners['] applications for sites No. 1 and No. 2 were previously occupied by billboards permitted by TDOT for over 13 years until the summer of 2008 at which time the permits were surrendered by Clear Channel and the billboard structures were removed."

4. John Charles Wilson owns the property in question (Location 3).

5. The fee lots (identified as Locations 2 and 3) on the north side of I-40 have "been contiguous since it was rezoned commercial in 1995."

6. After Locations 2 and 3 were changed from commercial to agricultural in 2006 when they were annexed by Gallaway, Tennessee, a billboard structure owned by Clear Channel was on Location 2 until Clear Channel removed it in 2008.

7. TDOT did not challenge the zoning change that occurred in June 2006.

8. Location 3 (the particular lot at issue here, which was covered by permit application numbers 7828 and 7829) "was not formerly occupied by a billboard and the zoning of the location which is contiguous to location No. 2 was changed from commercial to agricultur[al] in 2006."

9. Mr. Thomas has permission, in the form of a lease from the owner, John Charles Wilson, to use the property in question (Location 3) to erect and maintain billboards.

(Citations to administrative record omitted).

On appeal, Mr. Thomas argues: (1) that the trial court erred when it found that the grandfather clause in Tenn. Code Ann. § 13-7-208 did not apply; (2) that the trial court erred in rejecting Mr. Thomas's argument based on the separation of powers; and (3) that the trial court erred in concluding that TDOT was not required to file a declaratory judgment action to challenge the zoning ordinance.

STANDARD OF REVIEW

The applicable standard of review is found at Tenn. Code Ann. § 4-5-322(h): The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) (A) Unsupported by evidence that is both substantial and material in the light of the entire record.

(B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Under the Uniform Administrative Procedure Act ("UAPA"), this court, like the trial court, must apply the substantial and material evidence standard to the agency's factual findings. *City of Memphis v. Civil Serv. Comm'n*, 239 S.W.3d 202, 207 (Tenn. Ct. App. 2007); *Bobbitt v. Shell*, 115 S.W.3d 506, 509-10 (Tenn. Ct. App. 2003). Substantial and material evidence is "'such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration.'" *Macon v. Shelby Cnty. Gov't Civil Serv. Merit Bd.*, 309 S.W.3d 504, 508 (Tenn. Ct. App. 2009) (quoting *Pruitt v. City of Memphis*, No. W2004-01771-COA-R3-CV, 2005 WL 2043542, at *7 (Tenn. Ct. App. Aug. 24, 2005)). It is "'something less than a preponderance of the evidence, but more than a scintilla or glimmer.'" *Id.* at 508 (quoting *Wayne Cnty. v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 280 (Tenn. Ct. App. 1988)). We may overturn the administrative agency's factual findings "only if a reasonable person would necessarily reach a different conclusion based on the evidence." *Davis v. Shelby Cnty. Sheriff's Dep't*, 278 S.W.3d 256, 265 (Tenn. 2009) (citing *Martin v. Sizemore*, 78 S.W.3d 249, 276 (Tenn. Ct. App. 2001)). This narrow standard of review for

an administrative body's factual determinations "suggests that, unlike other civil appeals, the courts should be less confident that their judgment is preferable to that of the agency." *Wayne Cnty.*, 756 S.W.2d at 279.

With respect to questions of law, our review is de novo with no presumption of correctness. *Cnty. of Shelby v. Tompkins*, 241 S.W.3d 500, 505 (Tenn. Ct. App. 2007). Issues of statutory construction present questions of law and are therefore reviewed de novo with no presumption of correctness. *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009).

ANALYSIS

(1)

We must begin by addressing TDOT's contention that the grandfathering provisions of Tenn. Code Ann. § 13-7-208 do not apply in this case. Thus, we must consider the interplay between the provisions of the Billboard Regulation and Control Act, Tenn. Code Ann. §§ 54-21-101–54-21-123, and the grandfathering provisions of Tenn. Code Ann. § 13-7-208.

The Department has responsibility for enforcement of the provisions of the Billboard Regulation and Control Act of 1972,[1] Tenn. Code Ann. §§ 54-21-101–54-21-123. *See* Tenn. Code Ann. §§ 54-21-112, 54-21-116. Under this act, a person cannot erect outdoor advertising within 660 feet of an interstate or primary highway without obtaining a permit from TDOT. Tenn. Code Ann. § 54-21-104(a). Rules promulgated by TDOT require that outdoor advertising "be located in areas zoned for commercial or industrial use or in areas which qualify for unzoned commercial or industrial use." Tenn. Comp. R. & Regs. § 1680-2-3-.03(1)(a)(1).[2]

Applying these rules to the undisputed facts of this case, we must conclude that TDOT's decision to deny Mr. Thomas's applications was consistent with the Billboard Regulation and Control Act and regulations promulgated under its authority. At the time of Mr. Thomas's application, the applied-for location was not zoned for commercial or industrial use. It is Mr. Thomas's position, however, that the grandfather provisions of Tenn. Code Ann. § 13-7-208 entitle him to a different result.

---

[1] Tennessee's billboard regulation law was enacted in response to the Federal Highway Beautification Act of 1965, 23 U.S.C. §§ 131, 136, and 319.

[2] Citations are to the rules in effect prior to December 8, 2008.

Tennessee Code Annotated § 13-7-208 is part of the statutes governing municipal zoning. The provisions of Tenn. Code Ann. § 13-7-208 allow business, industrial and commercial establishments in existence prior to a zoning change to continue in operation or, under certain circumstances, expand operations or "destroy present facilities and reconstruct new facilities necessary to the conduct of such industry or business subsequent to the zoning change." Tenn. Code Ann. § 13-7-208(b), (c), (d)(1). A party seeking the protection of Tenn. Code Ann. § 13-7-208 must prove two requirements: (1) that there is zoning where previously there was none or a change in the zoning restrictions; and (2) that there was "permissive operation of a business" prior to the zoning change. *Rives v. City of Clarksville*, 618 S.W.2d 502, 505 (Tenn. Ct. App. 1981). Furthermore, the grandfather clause exception must be strictly construed against the party who seeks its protection. *Outdoor W. of Tenn., Inc. v. City of Johnson City*, 39 S.W.3d 131, 135 (Tenn. Ct. App. 2000).

In arguing that the grandfather provisions of Tenn. Code Ann. § 13-7-208 do not apply to TDOT in this case, the Department relies on *Universal Outdoor, Inc. v. Tennessee Department of Transportation*, No. M2006-02212-COA-R3-CV, 2008 WL 4367555 (Tenn. Ct. App. Sept. 24, 2008). In *Universal*, TDOT ordered the removal of a billboard to allow for highway expansion. *Universal*, 2008 WL 4367555, at *1. The billboard owner relocated the billboard to another site on the same piece of property. *Id.* The Department refused to issue a permit for the new sign because the new location did not comply with the Billboard Regulation and Control Act in that it was not zoned for commercial or industrial uses. *Id.* at *1, 3. The billboard owner appealed seeking the protection of the grandfather provisions of Tenn. Code Ann. § 13-7-208, but an ALJ ordered the new billboard's removal, and the chancery court affirmed the ALJ's decision. *Id.* at *1.

After concluding that the new sign was prohibited by the billboard statutes and did not qualify for protection under TDOT's rules for preexisting signs, this court discussed the issue of whether the new sign was protected under Tenn. Code Ann. § 13-7-208. *Id.* at *6. The court distinguished the cases cited by Universal in support of its argument that it should be entitled to the protection of Tenn. Code Ann. § 13-7-208 on the basis that the cited cases did not involve enforcement of the Billboard Regulation and Control Act, but only the application of municipal zoning ordinances. *Id.* at *7. The following analysis is of particular significance:

> [A] billboard may be subject to the permitting requirements of the municipality where it is located, and, if it is within 660 feet of an interstate or a primary highway, also subject to statutory requirements administered by the Tennessee Department of Transportation as well. *Enforcement of municipal zoning ordinances is subject to the grandfathering provisions of Tenn. Code Ann. § 13-7-208. Enforcement of the Tennessee Billboard Control and Regulation*

> *Act is subject to the grandfathering provisions of Tenn. Comp. R. & Regs. #*
> *1680-2-3.*
>
> The proposed billboard location in the present case is illegal and non-
> conforming because it is within 660 feet of a primary highway and because the
> Billboard Control and Regulation Act prohibits billboards in an FAR zone
> located near the highway. The zoning of the property, both where the sign was
> originally located and where it was proposed to be relocated, did not change.
> Neither the Department of Transportation nor the State enacts zoning. Further,
> the event that caused the removal of Universal's billboard from its original
> location, *i.e.*, the State's acquisition of property to expand a highway right-of-
> way, had nothing to do with zoning. Therefore, Universal was not entitled to
> the protection or benefits of Tenn. Code Ann. § 13-7-208. *More importantly,*
> *the billboard at issue was governed by the Tennessee Billboard Regulation*
> *and Control Act.* Thus, any relief must arise from that Tennessee Act or the
> rules promulgated pursuant to it.

*Id.* at *8 (emphasis added). The court affirmed the chancery court's decision in favor of
TDOT.

We agree with TDOT that the reasoning expressed by this court in *Universal*
necessitates the same result in the present case. In enacting Tenn. Code Ann. § 13-7-208,
"the goal of the legislature was to protect established businesses from later-enacted municipal
zoning which would exclude them." *Outdoor W.*, 39 S.W.3d at 137. What is at issue here
is TDOT's enforcement of the Billboard Regulation and Control Act, not protecting a pre-
existing conforming use from the effects of a zoning change.[3] Thus, TDOT did not err in
denying Mr. Thomas's request for a permit because the location did not meet the
requirements of the billboard act.[4]

---

[3]Even if Tenn. Code Ann. § 13-7-208 were applicable, it appears that Mr. Thomas did not establish
the two threshold requirements discussed in *Rives*. The zoning affecting the property at issue was changed
in 2006 while Mr. Thomas applied for a new billboard permit in May 2007. There was no billboard at the
location at issue, and Mr. Thomas had no permit to operate a billboard business at that site.

[4]At oral argument, TDOT asserted that, if the rezoning from commercial to AR had not occurred,
the Department still would have denied Mr. Thomas a permit for this spot because, in previous decisions
regarding nearby parcels of property, TDOT had determined that the commercial zoning designation in this
area constituted illegal "spot zoning" for outdoor advertising purposes, not comprehensive zoning as required
under TDOT rules. *See Phillips v. Tenn. Dep't of Transp.*, No. M2006-00912-COA-R3-CV, 2007 WL
1237695, at *4 (Tenn. Ct. App. Apr. 26, 2007). This contention does not need to be addressed in light of our
discussion above.

(2)

Mr. Thomas argues that TDOT's determination that Tenn. Code Ann. § 13-7-208 does not apply to its enforcement of the Billboard Regulation and Control Act constitutes a violation of separation of powers principles. The only issue presented here, however, relates to TDOT's determination regarding the applicability of the grandfather clause in the present case.

In support of his constitutional argument, Mr. Thomas cites general separation of powers principles, but no caselaw to indicate that TDOT's interpretation of Tenn. Code Ann. § 13-7-208 runs afoul of those principles. The crux of Mr. Thomas's position is stated in the following excerpt from his brief:

> In the present matter, it is not the judicial branch of government that has overstepped its delineated power but rather the executive branch acting through Appellee TDOT. Appellee TDOT has unilaterally rejected the provisions of T.C.A. [§] 13-7-208 as set forth by the legislative branch. As such TDOT's actions in the present case, with regard to the billboard permits at issue, should be deemed as unconstitutional pursuant to the separation of powers doctrine.
>
> Appellee TDOT <u>does not</u> have the legal authority to ignore or refuse to abide by actions of the legislative branch. TDOT <u>does not</u> have the authority to make a legal determination that TDOT is not required to comply with an act of the legislative branch. . . .
>
> . . . [A]n administrative tribunal, part of the executive branch, does not have the legal authority to determine that T.C.A. [§] 13-7-208 does not apply to TDOT and that Appellee TDOT is <u>not</u> required to accept, apply, or be governed by the grandfathering provisions. This power rests with the judicial branch.

We fail to find Mr. Thomas's argument persuasive. As he discusses in his brief, the executive branch is charged with the administration and enforcement of the laws enacted by the legislature. In performing its enforcement function, an executive agency such as TDOT must necessarily determine how and whether various laws apply. Where, as here, there is a dispute concerning the agency's interpretation of the law, the judicial branch will resolve that dispute and make a binding interpretation of the law at issue. We find no merit in Mr. Thomas's constitutional challenge.

(3)

Mr. Thomas's final argument is that the trial court erred in ruling that TDOT was not required to file a declaratory judgment action. According to Mr. Thomas's theory, TDOT was required to filed a declaratory judgment action "to determine whether the zoning and site qualified for protection under Tenn. Code Ann. § 13-7-208."

Like the trial court, we find no merit in this argument. Contrary to Mr. Thomas's contention, TDOT did not reject the zoning enacted by the municipality; rather, TDOT enforced its own rules and regulations in light of the municipal zoning in effect during the relevant time period. As we have previously discussed, the grandfathering provisions of Tenn. Code Ann. § 13-7-208 did not apply.

CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal are assessed against Mr. Thomas, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE