IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 6, 2017

## STATE OF TENNESSEE v. LEROY COLLINS

**Appeal from the Criminal Court for Shelby County**
No. 14-04492      Glenn Ivy Wright, Judge

_____

## No. W2016-01685-CCA-R3-CD
_____

Defendant, Leroy Collins, pled guilty to three counts of reckless aggravated assault, a Class D felony, and one count of Class C felony reckless endangerment, all committed during one criminal episode. The offenses involved Defendant shooting three people and shooting into a house occupied by two other people. Pursuant to a negotiated plea agreement with the State, the sentence for each conviction of reckless aggravated assault is the minimum sentence of two years, and the sentence for the reckless endangerment conviction is the minimum sentence of three years. The State further agreed that the sentences would be served concurrently with each other, for an effective sentence of three years for four felony convictions committed with a handgun involving three victims being shot. However, the State opposed Defendant's request for judicial diversion or probation for the effective three-year sentence. At the sentencing hearing, the trial court denied both requests for alternative sentencing and ordered Defendant to serve the entire sentence by incarceration. Defendant appeals from the trial court's ruling. After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Joseph S. Ozment, Memphis, Tennessee, for the appellant, Leroy Collins.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Lora Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

Defendant was originally indicted in a four-count indictment for three counts of Class C felony aggravated assault and one count of Class C felony reckless endangerment. Approximately two years after the indictment was returned, he pled guilty to the charges detailed above pursuant to a negotiated plea agreement with the State.

In order to support a factual basis for the guilty pleas, the State announced the following at the guilty plea hearing.

> Had this matter gone to trial, the State's proof would have been that on October 14th, 2012, the Defendant, Leroy Collins, was involved in a fight inside the Third World Club, located at 709 Whitney. That's here in Shelby County, Tennessee
>
> The fight was taken outside. [Defendant] started shooting at a subject by the name of Lolo. He fired five or six times and struck the following people: Marissa Shaw, in the right leg; Juanterica Rollin was shot in the right thigh; and Maria Shaw was shot in the left hand.
>
> This house was located at 2995 - - a house located at 2995 Sunrise was also struck by gunfire by [Defendant], and the house was occupied by Isaiah Harris and Kelly Ruppin.
>
> Witness Java Williams gave a typed statement and identified the Defendant in a six-person photospread as the person who was shooting in the parking lot of 709 Whitney.
>
> The events did happen in Shelby County, Tennessee.

Through counsel, Defendant stipulated to the factual basis for the guilty pleas.

*Sentencing Hearing*

On appeal Defendant asserts that the trial court should have granted him judicial diversion or in the alternative ordered that the three-year sentence be served on probation. Defendant was the only witness who testified at the sentencing hearing. The pre-sentence report is included in the record.

Defendant's testimony and the information in the pre-sentence report pertinent to the issues raised on appeal show the following: Defendant was 18 years old at the time of the crimes, and he was a member of the "Kitchen Crip" gang. As of the time of the sentencing hearing, Defendant's only work experience was self-employment, mowing yards. He did not detail his income from this work, and he did not provide how many yards he regularly mowed. Defendant testified that he had sought employment at various places after the incident but could not get a job because of the pending felony charges.

Defendant dropped out of school in August 2011 when he was 17 years old. His highest grade completed was the eighth grade and he had never received a GED. Defendant stated that he had lived twenty-two years in the same house with his grandmother and mother.

Defendant testified that he did not own a gun at the time of the sentencing hearing, and he had not even been around a gun since the incident. Defendant had no criminal charges as a juvenile, and his only other criminal charges as an adult had been charges related to violations of the driver licensing laws.

Defendant testified that he wanted the court to grant him judicial diversion so that he "will be able to have a better chance." He acknowledged understanding that if he was given probation or judicial diversion, he could not continue to drive without a valid license.

When explaining his version of what occurred in the incident, Defendant testified that he only shot his handgun in self-defense and that he actually did not shoot the three victims who were struck. Although at the guilty plea hearing Defendant stipulated to the facts announced by the State, he claimed he was not guilty of the reckless aggravated assault charges to which he had pled guilty. Defendant told the trial court that he pled guilty just to get the pending charges behind him. Defendant testified that he could stay out of trouble if allowed to serve his sentence without incarceration. Defendant testified twice that he deserved judicial diversion because he was not the person who shot the victims involved in the reckless aggravated assault convictions.

Although a statement given by Defendant to police was not made an exhibit, it is apparent from the cross-examination of Defendant by the State, and additional questions from the trial court, that some of Defendant's testimony was contrary to his prior statement to police.

The trial court announced its sentencing decision immediately following arguments made by defense counsel and the State. Specifically referring to Defendant's

testimony, the trial court said "a lot of it wasn't truthful." The trial court noted that Defendant's background was good and that he had not been in trouble in the four years between the incident and the sentencing hearing. The trial court concluded that having a handgun in a pocket and pulling it out to shoot at "the slightest, slightest trouble" was totally unacceptable in society.

The trial court, in balancing the interests of society against the interests of Defendant, stated:

> When you consider the total case, the presentence report, his history, educational background, social history, criminal history, lack of it, employment history, the facts and circumstances of the case, his testimony, which a lot of it wasn't truthful, when you balance the interests of society in this case, society's interests exceed or outweigh his interests. This shooting is out of hand.

Concluding its analysis, the trial court stated that when a person shoots multiple people and says "I'm sorry," that "isn't good enough . . . I don't think." The trial court then ruled, "Application for diversion is denied. Application for probation is denied at this time."

*Analysis*

In his brief, Defendant asks this court to reverse the judgment of the trial court and remand the cases to the trial court to place Defendant on judicial diversion or alternatively probation. The State argues that the judgments should be affirmed. We agree with the State.

When a defendant challenges the length, range, or manner of service of a sentence, this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This same standard of review applies to a trial court's decision to grant or deny probation or any other alternative sentence, as well as the denial of judicial diversion. *Caudle*, 388 S.W.3d at 278-79; *State v. King*, 432 S.W.3d 316, 325 (Tenn. 2014). This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. Moreover, under those circumstances, we may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party appealing the

- 4 -

sentence has the burden of demonstrating its impropriety. T.C.A. § 40-35-401, Sent'g Comm'n Cmts.; *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

Judicial diversion is a form of probation that affords certain qualified defendants the opportunity to avoid a permanent criminal record. *See* T.C.A. § 40-35-313(a)(1)(A). If a defendant qualifies for judicial diversion, a trial court may defer proceedings without entering a judgment of guilt, placing the defendant on probation without categorizing the defendant as a convicted felon. *Id.* Upon successful completion of the probationary period, the trial court will dismiss the charges, and the defendant may seek expungement of the record, which "restore[s] the person, in the contemplation of the law, to the status the person occupied before such arrest or indictment or information." *King*, 432 S.W.3d at 323 (quoting *State v. Schindler*, 986 S.W.2d 209, 211 (Tenn. 1999)); *see* T.C.A. § 40-35-313(a)(2), (b). However, if the defendant violates the terms of his or her probation, "the court may enter an adjudication of guilt and proceed as otherwise provided." T.C.A. § 40-35-313(a)(2). "Judicial diversion is a form of 'legislative largess' available to qualified defendants who have entered a guilty or nolo contendere plea or have been found guilty of an offense without the entry of a judgment of guilt." *King*, 432 S.W.3d at 323 (quoting *Schindler*, 986 at 211).

A defendant is eligible for judicial diversion if he or she is found guilty or pleads guilty or nolo contendere to a Class C, D, or E felony; has not been previously convicted of a felony or Class A misdemeanor; has not been previously granted judicial or pretrial diversion; and is not seeking deferral for a sexual offense or for an offense committed by an elected or appointed official "in the person's official capacity or involv[ing] the duties of the person's office." *See* T.C.A. § 40-35-313(a)(1)(B)(i). "Eligibility under the statute does not, however, constitute entitlement to judicial diversion; instead, the decision of whether to grant or deny judicial diversion is entrusted to the discretion of the trial court." *King*, 432 S.W.3d at 323; *see also State v. Dycus*, 456 S.W.3d 918, 929 (Tenn. 2015) ("There is no presumption that a defendant is a favorable candidate for judicial diversion.").

In determining whether a defendant is a favorable candidate for diversion, the trial court must consider several common law factors:

> "(a) The accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. The trial court should also consider whether judicial diversion will serve the ends of justice – the interests of the public as well as the accused."

- 5 -

*King*, 432 S.W.3d at 326 (quoting *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996)). "[T]he trial court must weigh the factors against each other and place an explanation of its ruling on the record." *Id*. at 323 (citing *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1999)). Our supreme court has explained:

> [W]hen the trial court considers the *Parker* and *Electroplating* factors, specifically identifies the relevant factors, and places on the record its reasons for granting or denying judicial diversion, the appellate court must apply a presumption of reasonableness and uphold the grant or denial so long as there is any substantial evidence to support the trial court's decision. Although the trial court is not required to recite all of the *Parker* and *Electroplating* factors when justifying its decision on the record in order to obtain the presumption of reasonableness, the record should reflect that the trial court considered the *Parker* and *Electroplating* factors in rendering its decision and that it identified the specific factors applicable to the case before it. Thereafter, the trial court may proceed to solely address the relevant factors.

*Id*. at 327. A trial court is not required to use specific "magic words" in its consideration of the relevant factors. *Id*. at 327 n.8. However, failure to consider the common law factors results in a loss of the presumption of reasonableness, and this court will either conduct a de novo review or remand the case to the trial court for reconsideration. *Id*. at 327-28.

The brief analysis by the trial court in this case fails to sufficiently comply with the requirements for consideration of judicial diversion. In its relatively brief ruling, the trial court did not weigh all the applicable factors. However, even upon our de novo review, we conclude that the trial court's decision to not grant judicial diversion should be affirmed.

The most determinative, controlling factor justifying affirmance of the denial of judicial diversion is the finding by the trial court of Defendant's lack of credibility, including Defendant's insisting under oath that he had not committed three offenses to which he had pled guilty. Defendant's blatant lack of candor strongly indicates that he is not worthy of the largess of judicial diversion. *State v. Dowdy*, 994 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

As to probation, the trial court's announced reasons for reaching its decision, though meager, are barely sufficient for review by this court under the *Bise* and *Caudle* opinions, an abuse of discretion standard with a presumption of reasonableness.

A defendant is eligible for probation if the sentence imposed is ten years or less. T.C.A. § 40-35-303(a). Although "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants," the defendant bears the burden of "establishing suitability" for probation. T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). A defendant who is sentenced as an especially mitigated or standard offender and who has committed a Class C, D, or E felony should be "considered as a favorable candidate for alternative sentencing options" if certain conditions are met. T.C.A. § 40-35-102(5), (6)(A). The guidelines regarding favorable candidates are advisory. T.C.A. § 40-35-102(6)(D).

In determining whether incarceration is an appropriate sentence, the trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1). "The sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." *Id*. § 40-35-103(4), (5).

Again, Defendant's lack of credibility weighs strongly against granting probation. Additionally, three innocent bystanders were shot in the incident. There were two other innocent bystanders inside a house into which Defendant also fired a gun. Defendant committed four shooting offenses with a handgun he obtained from another person and concealed prior to the shooting. We agree with the trial court that the interests of society heavily outweigh the interests of Defendant. Accordingly, we affirm the trial court's denial of probation.

Defendant is not entitled to relief in this appeal.

**CONCLUSION**

For the foregoing reasons we affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE